John P. Stokes
12887 Raven Way
Bigfork, Montana 59911
(406) 837 2283

CLERK OF
DISTRICT COURT
LYN FRICKER

2018 DEC -3 AM 11: 22

FILED
BY ___ Co___
CLERK/DEPUTY

Defendant / Cross Plaintiff

## IN THE TWENTIETH DISTRICT COURT
## OF LAKE COUNTY, STATE OF MONTANA

LSF 8 Master Participation Trust
      Plaintiff

vs.

John P. Stokes and Pamela J. Stokes and
Person in possession
        Defendants / Cross Plaintiffs

vs.

LSF 8 Master Participation Trust (LSF 8)
Mackoff Kellogg Law firm, Jason Henderson,
Danick, Tremblay, Andre Collin, John Grayken,
William Young, John and Jane Does 1-5
      Cross Defendants

Case No. DV-18-263

ANSWER and
COUNTER CLAIMS

DEMAND FOR JURY TRIAL

---

Defendant John P. Stokes answers and Cross Complains and answer and alleges as follows:

As to Plaintiff allegation No. 1. Defendant denies. The Trustee Deed held by LSF 8 was obtained by forgery and fraud and has been admitted as a forgery and fabrication. It is void in all respects. It is in violation of the Small Tract Financing Act of Montana. Plaintiffs have previously admitted to the fraud and violations of the Small Tract Financing Act.

1

The unlawful Trustee sale, even if legitimate, and it is not, was held 31 days past Postponement on July 18, 2016. Rendering the sale void. Further the legal description is incorrect. The legal description alleged by Plaintiff was an unauthorized and fraudulent subdivision of property they did not have any interest in. Stokes have not subdivided their property of 80 acres.

As to Plaintiff allegation #2. Defendant denies. Plaintiff has never been entitled to any possession from the fraudulent trustee sale. Pursuant to MCA 71-1-315. Notice (3), the sale is void in all respects.

As to Plaintiffs allegation #3 Defendant denies. Stokes interest is superior, and Stokes have owned the property free and clear since March 2012. By Court Order. The alleged Trustee sale, Plaintiffs exhibit 1, was fraudulent in all respects and an unlawful foreclosure. The alleged lien held by LSF 8 was disallowed twice by the Federal Bankruptcy court and ceased to exist.

As to Plaintiffs allegation # 4 Defendant John Stokes admits That he was in Possession on August 18, 2016. Stokes denies Trustee Sale. LSF 8 had no interest in said property on August 18, 2016.

As to Plaintiffs allegation #5, John Stokes hereby denies.

As to Plaintiffs allegation #6 John Stokes admits to "documents" were delivered. The documents were not in compliance with MCA 70-27-104.

As to Plaintiffs allegation #7 John Stokes hereby denies. Stokes own property free and clear of all liens.

2

As to Plaintiffs allegation # 8, Admits "documents" were delivered. LSF 8 has no legal or equitable title in said property. LSF 8 Interest if any was obtained by fraud.

As to Plaintiffs allegation #9 John Stokes Denies.

As to Plaintiffs allegation # 10. Deny. This court has no jurisdiction in this matter and it will be removed to U. S. District Court Missoula. This property is also subject to a Federal Lis Pendens, recorded Lake County.

## COUNTER CLAIMS

Comes now John Stokes and files this Counter Claim for Damages for FORGED FABRICATED PROOF OF CLAIMS AND ASSIGNMENTS, UNTRUTHFUL ASSIGNMENT OF NOTE AND TRUST DEED, FRUADULENT TRUSTEE SALE, VIOLATION OF THE AUTOMATIC STAY, ATTORNEY DECEPTION UPON THE COURT, VIOLATIONS OF FEDERAL RICO STATUTES, ACTUAL DAMAGES, PUNITIVE DAMAGES and TREBLE DAMAGES UNDER RICO STATUTE.

1. The Plaintiffs and Cross defendants Are citizens of Texas, North Dakota, and Ireland. LSF 8 has offices and assets globally and Situated in Texas. Diversity of Citizenship

2. The amount in Controversy exceeds $75,000.00. Defendants have suffered in excess $10,400,000.00 plus punitive damages and treble damages under the RICO statutes

3. LSF 8 and cross defendants have engaged in Mail fraud and used US mail to extort in excess of $449,000.00 from the Stokes.

4. LSF 8 and cross defendants have removed $4,600,000.00 from each of the Stokes estate, in violation of 11 USC 362 (a) without leave of the court and enriched themselves.

3

5. LSF 8 and cross defendants have committed actual fraud and prepared and forged and fabricated evidence to further their scheme, under penalty of federal Felony.

6. LSF 8, and their predecessors and cross defendants have participated in presenting four separate fabricated and forged assignments of Note under penalty of federal felony.

7. On the date of alleged assignment from HFC 2 to LSF 8, HFC 2 possessed no interest to assign.

8. On date of LSF 8 unlawful Trustee Sale, LSF 8 possessed no interest.

9. The lien in controversary was completely disallowed in Stokes bankruptcy, twice and by operation of law ceased to exist.

10. Jason Henderson and Kellogg Mackoff willing and knowingly presented false and forged Proof of Claims

11. Lake County District Court Has no jurisdiction to decide the allegations of Federal Bankruptcy Fraud, filing False Proof of Claims in federal Bankruptcy case, 851. False Claims—18 U.S.C. § 152(4) Forgery and fabrication of evidence in Federal Bankruptcy case, Violations of the Federal RICO statutes, Violations of the Automatic stay, 11 USC 362 (a) To award damages pursuant to 11 USC 362 (k)

12. LSF 8 Exhibit #2 submitted September 12, 2018 BK # 19-60681 is at complete odds with Proof of Claim and copy of Note with blank endorsement submitted 03/20/2009, claim 1-1 case # 09-60265, submitted under penalty of perjury and felon by HSBC. (Stokes exhibit 13)

13. HSBC was given opportunity to produce the original. HSBC defaulted and failed to do so. The lien was disallowed. The property was sold to Pamela Stokes under the 11 USC 363 (f) motion of Trustee.

4

14. Jason Henderson Representing Household Finance II, submitted a "new" Proof of Claim filed on 11/14/2012 as the one and only original note with assignment from WMC Mortgage Corp, assigned to HOUSEHOLD FINANCE CORP III. Under penalty of perjury and felon. (Stokes exhibit 13) When challenged to produce HFC II defaulted and failed to answer. The HFC II and HFC III lien was disallowed and bankruptcy closed, and Stokes was discharged.

15. There can be no further attempts at collection if the Proof of Claim, lien was disallowed in bankruptcy.

16. At no time has HFC III assigned the note to HFC II.

17. LSF 8 exhibit #3, Assignment of Mortgage and Deed dated September 19, 2013 from Household Finance Corp II. is a falsehood. HFC III has never assigned the Note to HFC II. HFC II had no note to assign. Per submission by Jason Henderson on 11/14/2012 the Note was held by Household Finance III and no others.

18. LSF 8 exhibit # 4 Substitution of Trustee is a falsehood. LSF 8 was not the beneficiary as HFC III the owner of the note did not assign to LSF 8 or anyone. Exhibit #4 is part of the scheme to conduct an unlawful Trustee Sale and Deed.

19. Pamela Stokes, wife then filed a Chapter 13 bankruptcy.

20. LSF 8 submitted a Proof of Claim, the same disallowed "blank" endorsement note. (Stokes exhibit 13) swearing under penalty of perjury they possessed the original note. The Proof of Claim BK Case # 14-61170. Pamela Stokes objected, and hearing was set for April 16, 2015. On date of hearing, or before LSF 8, assigned the blank endorsed back to HFCII. And no longer possessed any interest alleged or otherwise. See Stokes exhibit 13, * Household Finance Corporation II. LSF 8 has had no standing whatsoever after that date and endorsing the "blank Note" to HFC II.

21. On March 9, 2016 LSF 8 caused to be recorded a Notice of Trustee Sale set for July 19, 2016. LSF 8 was not the beneficiary.

22. Stokes's filed a civil Complaint in Lake County, District Court, Montana DV-14-223 October 7, 2014., for mortgage fraud among other allegations. LSF 8 defaulted, and by default after one and half years after service with no answer Stokes obtained Defaults valued at $4,600,000.00.

23. John Stokes filed bankruptcy to stay sale and collect the $4,600,000.00 asset and distribute to creditors.

24. On August 10, 2016 after knowledge of bankruptcy LSF 8, LSF 8 and others violated 11 362 a and attended District Court to remove assets from the estate for their benefit and no others without leave of the bankruptcy court.

25. On August 18, 2016 LSF 8 conducted a Trustee sale with full knowledge they had assigned the note back to HFC II on or before April 16, 2015, BK # 14-61170 and had no interest whatsoever under the previous documents submitted under penalty of perjury and felony.

PRAYER FOR RELIEF

Based upon the facts and undisputed, false and fabricated Proof of Claims and assignments and unlawful Trustee sale, Stokes should be awarded all relief requested and appropriate punitive damages as determined by the Court.

To award $4,600,000.00 unlawfully removed from each estate, $9,200,000.00 together with interest from August 10, 2016.

To award treble damages in favor of Stokes for Attorney Deceit against Janson Henderson and Mackoff Kellogg Law firm for knowingly filing false documents. $1,441,000.00 actual value   x 3 = $4,323,000.00

To award $1,441,000.00 in favor of Stokes actual damages for value of house together with punitive damages and quiet title in favor of Stokes.

For an award unspecified punitive damages for violating 11 USC 362 (a)

To declare all rulings and orders of Lake County District Court Void Ad Ignition from August 10, 2016.

To award unspecified damages for emotional distress and extortion in favor of Stokes.

To award Treble damages as determined by the Jury under the federal RICO statutes.

For such further relief the Court deems appropriate.

To award all costs and attorney fees in favor of Stokes.

Respectfully submitted,

November 30, 2018

John Stokes

## Certificate of Service

On November 30, 2018, I John Stokes certify that the Answer and Counter Claims and Demand for Jury Trial were placed in the US Postal System, Bigfork, Montana, to:

Clerk of The Court, Lake County District Court 106 4th ave east, Polson Montana 59860

Jason Henderson, 38 Second Ave E, Dickson, ND  58601

November 30, 2018

John Stokes

Exhibit One

John Stokes
12887 Raven Way
Bigfork Montana 59911
406 837 2283

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF MONTANA

In re:

                        **Case No 18-60681**

             NOTICE OF HEARING

             DATE: SEPTEMBER 17, 2018

**JOHN STOKES  DEBTOR**        TIME:  2:30 PM

             PLACE: RUSSEL SMITH COURTHOUSE

                   MISSOULA, MONTANA

             OBJECTION TO MOTION TO MODIFY
             STAY, DEBTORS CLAIM FOR ACTUAL
             AND PUNITIVE DAMAGES, DAMAGES
             FOR VIOLATION OF AUTOMATIC STAY,
             ACTUAL AND PUNITIVE, DAMAGES FOR
             ATTORNEY DECEPTION UPON THE
             COURT AGAINST JASON HENDERSON and
             ERICA PETERMAN.

Comes now the Debtor John Stokes and files this , OBJECTION TO MOTION TO MODIFY STAY, DEBTORS CLAIM FOR ACTUAL AND PUNITIVE DAMAGES, DAMAGES FOR VIOLATION OF AUTOMATIC STAY, ACTUAL AND PUNITIVE, DAMAGES FOR ATTORNEY DECEPTION UPON THE COURT AGAINST JASON HENDERSON and ERICA PETERMAN.

Lone Star Financial 8, Master Participation Trust, hereafter LSF 8. LSF 8 has no standing to bring any such motion. The Stokes own said residence Free and Clear and purchased the property free and clear from the Bankruptcy Court March 12, 2012. Case # 09-60265. LSF 8 conducted an illegal and fraudulent trustee sale with forged and fabricated documents. First American Title of Montana their designated Trustee, was also without authority.

Debtor claims actual damages and punitive damages for LSF 8 et al for violating the automatic stay on August 10, 2016 and July 26, 2018. LSF 8 et requested this matter come before the Bankruptcy Court for a 11 USC 362 (h) (k) hearing on September 15, 2016. Statue has not tolled. Jason Henderson and Erica Peterman, attorneys participated and had actual knowledge of the forged and fabricated assignments of notes and submitted under penalty of perjury on behalf of their clients.

Stokes filed for Chapter 11, Bankruptcy protection in March 2009. Stokes sought protection from an unlawful judgment of $3.8 million pending appeal to Supreme Court. The estate was performing on all debts 100% and solvent. The Trustee converted Stokes to Chapter 7 within two weeks, with total liquidation. The trustee liquidated a $10.4 million dollar estate for $163,000 cash and kept all proceeds for himself. Stokes was discharged.

The Trustee, Neal Jensen had a personal vendetta for some reason against Stokes. The trustee sought to make Stokes homeless and filed a 11 USC 363 (f) motion to liquidate the residence and sell free and clear of all liens. HSBC, the predecessor to LSF 8, filed a POC alleging they held the note the original note by assignment. The Trustee objected as there was no dated assignment or assignment. It was in "blank" and gave HSBC every opportunity to present the "original note" or it would be disallowed. HSBC defaulted. The HSBC loan was disallowed. Trustee Motion attached. They were warned by Trustee if they submit another false proof of claim they will face 5 years and $50,000 fine. They defaulted and the 11 USC 363 f sale took place. All parties were notified and no party objected or appealed. The deed was transferred to Pamela Stokes in 2012.

The residence was then sold to Pamela Stokes under the terms of the motion. See Exhibit One.

Later Jason Henderson, would once again present a Motion to Modify Stay with POC, however this time representing HFC II. Knowing full well of the previous forgery and

disallowance. Stokes objected as the assignment presented was assigned to House Financial Corporation III, not HFC II. It was clearly fabricated and forgery. HFC II when challenged, defaulted. Forged assignment #2.

The estate was liquidated and the bankruptcy finally closed and Stokes was completely discharged from all debts.

Controlling is *Blendheim v. HSBC 13-35354 ninth circuit court of appeals.* Yes. The same HSBC.

"The panel held that under 506 (d), if a creditors claim has not been "allowed" in the bankruptcy proceeding, then a lien securing the claim is void." "The panel held that the voiding of the creditor's lien was permanent such that the lien would not be resurrected." *Blendheim v. HSBC 13-35354 ninth circuit court of appeals*

Household Finance Corporation III has never made any assignment to HFC II or LSF8

Later the Stokes would begin getting demand letters from Caliber Home loans, serving agent for LSF 8. Caliber is wholly owned by LSF 8 parent ompany Lone Star Financial. A qualified Written Request was made to Caliber, no less than four times. Caliber Home Loans sent Stokes an assignment of note and trust deed assigning from HFC II to LSF 8. HFC II never owned the note by assignment or otherwise. When the Montana Attorney General Mortgage Fraud Division got involved they answered. They answered that "Vericrest Investment Opportunities, was the true holder of the Note.

LSF 8, together with US Bank NA and First American Title of Montana, hereafter et al, filed a notice of trustee sale against Stokes demanding $449,000.00 or face foreclosure. Caliber at all times stated if discharged ignore this demand.

Stokes filed a civil complaint for damages and mortgage fraud and falsifying documents, in Lake County District Court on October 7, 2014, Case # 14-223, Docket, Exhibit Two.

LSF 8 would not cease foreclosure and Pamela Stokes filed for Chapter 13 to stay pending litigation. The complaint was specially noted on the schedules and instantly became assets of the estate.

LSF 8 Motioned the Bankruptcy Court through attorney Erica Peterman, Montana attorney to Modify the Stay. LSF 8 through Erica Peterman used what appears to be the same "blank endorsement" used by HSBC, which was defaulted and disallowed by previous trustee in 09-60265.

Pamela Stokes objected and hearing was set. On date of Hearing, Erica Peterman presented another entirely different note to Pamela's attorney, affirming this was the original note as it had blue ink on it and owned by LSF 8. However it was not payable to LSF 8. It was inked in and assigned to HFC II. HFC II had been out of business since 2009. Between the time Erica Peterman Submitted the POC and Hearing, LSF 8 or Erica Peterman altered "the original" POC. Clearly a deception

upon the court and Pam's attorney. He dropped his objection thinking they possessed

the "original". A complete false hood. Forgery # 4.

Jason Henderson and Erica Peterman have clearly engaged or consented or conducted

Decent to deceive Stokes and the Court.

**37-61-406. Penalty for deceit.** An attorney who is guilty of any deceit or collusion or consents to any deceit or collusion with intent to deceive the court or a party forfeits to the party injured by the deceit or collusion treble damages. The attorney is also guilty of a misdemeanor.

Value of the residence is $1,300,000.00 Damages $(1,300,000. x 3 = $3,900,000.00 each) There is no doubt The attorneys without doubt engaged in Deceit, and damages are mandatory under MCA 37-61-406.

## 851. False Claims—18 U.S.C. § 152(4)

Subsection (4) of Section 152 sets out the offense of filing a false bankruptcy claim. A "claim" is a document filed in a bankruptcy proceeding by a creditor of the debtor. A "false" claim is one that is known by the creditor to be factually untrue at the time the claim is filed.

Subsection (4) provides:

A person who...knowingly and fraudulently presents any false claim for proof against the estate of a debtor, or uses any such claim in any case under title 11, in a personal capacity or as or through an agent, proxy, or attorney;...shall be fined..., imprisoned..., or both.

The elements of a false claim violation are:

1. that bankruptcy proceedings had been commenced;
2. that defendant presented or caused to be presented a proof of claim in the bankruptcy;
3. that the proof of claim was false as to a material matter; and
4. that the defendant knew the proof of claim was false and acted knowingly and fraudulently.

*United States v. Overmyer*, 867 F.2d 937, 949 (6th Cir.), *cert. denied*, 493 U.S. 813 (1989).

A confirmed plan was approved and entered by the Court, whereas Stokes would

pursue the Lake County litigation, reduce to judgment and pay all funds into the

bankruptcy court for distribution. LSF 8 could also pursue their "any lawful" state remedies also.

LSF 8 again attempted foreclosure based upon the fraudulent assignments instead of answering the complaint. LSF 8 was represented by Jason Henderson, Mackoff Kellogg, as here.

John Stokes then filed a Chapter 13. Stokes withdrew the petition based solely upon wife's failing health and no others. Pamela Stokes has COPD.

After a year and half after service of summons and complaint, defendants LSF 8 and First American Title Company of Montana failed to answer in any way and Defaulted. Stokes obtained defaults in the Lake County case. The defaults instantly became assets of Pamela Stokes bankruptcy estate. The defaults were at that time, May 12, 2016, valued at $4.6 million, individually and collectively in favor of the Stokes. (Attached)

LSF 8 still proceeded to conduct a Trustee sale. A sale was scheduled for July 18, 2016. Judge Manley entered an Order of Abeyance against Stokes only and allowed LSF 8 to foreclosure in spite of defaults and evidence of forgery. John Stokes had to file an emergency Chapter 13 to stay on July 15, 2016. All parties received written actual notice and acknowledged. Including the court. LSF 8 on July 18 postponed sale. Record attached. LSF 8 also admits to filing numerous false POC's, record

attached. Judge Manley and LSF 8 et al had ex parte contact after the automatic stay to set up a Dismissal of the Defaults, an asset of Pamela Stokes bankruptcy estate.

This is a case like no other whereas Judge Manley intentionally and knowingly violated 11 USC 362 (a) together with defendants and also violated 11 USC 362 h and k. (The automatic Stay and violations of the automatic stay) Lake County District Court had no jurisdiction to set a heaqring or for the rulings or Orders and Defendants clearly engaged in a scheme to remove assets from the Estate.

Judge Manley with knowledge of the John Stokes bankruptcy filing and Pamela Stokes confirmed plan, on July 26, 2016 took it upon himself to conduct a hearing to dismiss the defaults, in violation of 11 USC 362 (a) and set a hearing for August 10, 2016. At no time did any defendant request a motion to modify the stay or file an answer or motion the court under rule 60 to file an answer 1 ½ years past Summons. See attached docket

Defendants have submitted no less than four forged and fabricated assignments of mortgages. LSF 8 admits to submitting false Proof of Claims. See Exhibit _____

The mortgage was disallowed by US Trustee and the property was judicially sold through a 11 USC 363 f sale, free and clear of all liens to Pamela Stokes. John Stokes was completely discharged from alleged lien.

HSBC and HFC II and HFC III have been sued by US Justice Department for $500 million for mortgage fraud. US Bank also has a pattern and practice of Mortgage Fraud. Recently US Bank was found liable in McCullen vs US Bank for altering Mortgage documents and mortgage fraud

and unlawful foreclose. US Bank was recently fined $6 million for altering mortgage documents, and upheld by Montana Supreme Court. This is hardly different.

After discharge two years later Stokes's begin getting demand letters from Caliber Home loans demanding $400,000.00 or face foreclosure. Four QRW's were requested. All ignored. Only when Attorney General became involved they half answered. They answered that Vericrest Investment Opportunities was the true beneficiary! Caliber, HFC II HFC III and LSF8 all use the same mailing address.

The assignment from HFC II to LSF8 is void and nullity. One HFC II did not exist on the day of assignment. Two, HFC II had no note to assign. Three Caliber has no POA for HFC II to assign ownership interest. HFC II, US Bank, Caliber and LSF8 are all one in the same mortgage fraud companies and use the same mailbox address. Hardly credible.

LSF8 paid nothing for the note and is not in the chain of ownership. The Assignment they posses is a fraud. First American is not a lawful legal Trustee. They are not in the chain of assignments of Trustees and have no standing for anything.

However that did not stop them for violating the discharge order and begin to Foreclose. All efforts were made to resolve the issue by Stokes. Stokes filed a complaint in Lake County for damages and presented clear evidence of the fraud and forgeries. The parties were served and did not answer. Judge Manley refused to enter a TRO and ignored the fraud and Pam Stokes was forced to file Chapter 13 to stay foreclosure.

Later an attorney appeared in Bankruptcy court and produced another forged assignment of note from WMC assigned to HFC II. Both were out of business at the time. and now handwritten in as an assignment from WMC to HFC II and got stay lifted. The fraud upon the court and estate

were reported to the Trustee. An action against the trustee is pending before the Ninth Circuit Court together with others.

This forged assignment is the same one defendants have proceeded on. All defendants admitted the complaint and facts and defaulted for two years. Stokes obtained two defaults issued by the court valued at $4,600,000.00 collectively. Defendants defaulted and admitted all allegations of the complaint and failed to answer after two years.

Stokes having obtained the defaults then submitted the order of Default for award of Monetary damages of approximately $4,600,000.00. Judge Manley refused to sign the order, a standard housing keeping order granted to all attorneys and instead became an advocate for defendants and entered an Order of Abeyance, apparently only to the Stokes as defaulting defendants ignored the order and continued trustee sale. A motion to lift the abeyance order was denied. Again LSF8 through their shell US Bank CONTINUED foreclosure in defiance of the Order of Abeyance. John Stokes then filed Chapter 13 on July 13, 2016.

John Stokes filed Chapter 13 Bankruptcy approximately on July 13, 2016. ALL PARTIES INCLUDING THE COURT WERE NOTIFIED and had knowledge.

**The Honorable Jim D. Pappas**
**Chief United States Bankruptcy Judge**
**District of Idaho (now acting Montana)**
In a decision generating lots of comment, the Ninth Circuit Court of Appeals has held that state courts lack jurisdiction to determine whether the automatic stay in a bankruptcy case applies to a pending action. *In re Gruntz,* 166 F.3d 1020 (9th Cir. 1999).
The Court of Appeals noted that under 28 U.S.C. § 1334(a), the bankruptcy courts have *exclusive* jurisdiction over bankruptcy cases. The Court determined that the automatic stay is 'one of the fundamental debtor protections provided in the bankruptcy laws," and that allowing state courts to determine the extent of that stay "would be inconsistent with and subvert the exclusive jurisdiction of the federal courts." 166 F.3d at 1024.
All pleadings of defendants are "fruit from the poison tree".

The complaint and defaults and residence then became exclusive assets of the estate under the exclusive jurisdiction of the Bankruptcy Court upon filing. The Defendants were specifically

instructed and ordered to cease all collections and continuance of any civil litigation. They ignored 11 USC 362 and instead continued to litigate in state court. Judge Manley knew full well the state court had no jurisdiction then over the complaint or defaults. All clearly listed as assets of the estate and only subject to the Bankruptcy court jurisdiction.

Instead the defendants together with Manley proceed and conspired and to remove assets from the estate in direct violation of 11 362 h and k and 11 USC 362. The only threshold for damages to the estate is "Did the parties know of the bankruptcy?" That's it. Judge Manley set a hearing on the estates assets on July 26, 2016 for August 10, 2016. In direct violation of the 11 USC 362 (a)

No less than nine entries to the state docket were made between date of filing and August 10,

2016. Each one a violation of the Bankruptcy Code.


Stokes will let the court decide what referral action to take against LSF 8, their predecessors and

attorneys, however the following clearly provides guidance, and all certainly apply here.

RICO — Fraudulent Mortgage Assignment and Fraud on Court in Bringing Mortgage Action, Sustaining RICO Action

*Slorp v. Lerner, Sampson & Rothfuss,* 2014 U.S. App. LEXIS 18816 (6th Cir. Sept. 29, 2014): The gravamen of the complaint was that the defendants engaged in unfair, deceptive, and fraudulent debt-collection practices when they [\*\*2] filed an illegitimate foreclosure action against Slorp and used forged assignments to do so, as here. .

To establish a pattern of racketeering activity, the plaintiff must allege at least two related acts of racketeering activity that amount to or pose a threat of continued criminal activity. *Brown v. Cassens Transp. Co.,* 546 F.3d 347, 354 (6th Cir. 2008). The RICO statute enumerates dozens of crimes that constitute racketeering activity. *See* 18 U.S.C. § 1961(1). Among these crimes are mail fraud, 18 U.S.C. § 1341, and wire fraud, 18 U.S.C. § 1343--the two predicate crimes that Slorp alleged in his proposed amended complaint. Mail and wire fraud consist of (1) a scheme or artifice to defraud; (2) use of the mails or interstate wire communications in furtherance of the scheme; and (3) intent to deprive a victim of money or property. *United States v. Turner,* 465 F.3d 667, 680 (6th Cir. 2006); *United States v. Daniel,* 329 F.3d 480, 485 (6th Cir. 2003). "A scheme to defraud is any plan or course of action by which someone intends to deprive another of money or property by means of false or fraudulent pretenses, representations, or promises." *United States v. Faulkenberry,* 614 F.3d 573, 581 (6th Cir. 2010) (internal quotation marks and alterations omitted).

The germane provision of RICO makes it unlawful for a person employed by or associated with an enterprise that affects interstate commerce to conduct or participate in the conduct of the enterprise's affairs through a pattern of racketeering activity. 18 U.S.C. § 1962(c). The statute provides a civil remedy that allows an individual to recover treble damages for injuries to that person's business or property sustained by reason of the RICO violation. 18 U.S.C. § 1964(c).

Slorp has adequately alleged the existence of an enterprise that satisfies these basic criteria. He alleged that the defendants conspired to draft and execute a false assignment and to use the assignment in foreclosure proceedings to seize Slorp's property. He further alleged that the defendants used the mails and wires several times in furtherance of this scheme, and he alleged that the same defendants have engaged in similar malfeasance in other foreclosure proceedings, all with the aim of obtaining title to several properties that are not rightfully theirs.

Slorp's complaint alleges personal injuries or injuries to property. According to the proposed RICO count, the defendants used various schemes to mislead both Slorp and the state court and thus attempted fraudulently to deprive Slorp of his home through an illegitimate foreclosure sale. Those schemes revolved around a fraudulent mortgage assignment and a related foreclosure action. Thus, if we look to "the origin of the underlying injury" to determine whether it relates to property, Slorp has alleged quintessential property injuries: The object of the alleged scheme to defraud was to obtain title to Slorp's home (*i.e.*, real property) through foreclosure.

According to the complaint, Hill "falsely executed" the assignment because Countrywide Bank did not exist on July 9, 2010, and Hill was not an employee of MERS on that date. (exactly as here) Hill acted at the behest of LSR and with Bank of America's knowledge, said Slorp, and her "false statement was made with the purpose to mislead the judge in the performance of her official function within the foreclosure action

"filing and maintaining the foreclosure action with the use of false statements and evidence constitute[d] a false, deceptive, and/or misleading practice in an attempt to collect a debt."

Here Defendants have never denied the forged assignments. Here The defendants had actual knowledge of the bankruptcy, as did Judge Manley and proceeded to remove assets from the estate.

Recently, Bank of America was fined in Ninth circuit Bankruptcy Court of California for $45,000,000 for violating the automatic stay and removing assets from the estate, as LSF 8 have exactly done here in.

United States Bankruptcy Court for the Eastern District of California
March 23, 2017, Decided
Adv. Pro. No. 14-02278, Case No. 10-35624-B-13J

ERIK SUNDQUIST and RENÉE SUNDQUIST, Plaintiffs,
v. BANK OF AMERICA, N.A.; RECONTRUST COMPANY, N.A.; BAC HOME LOANS SERVICING, LP, Defendants. In re: ERIK SUNDQUIST and RENÉE SUNDQUIST, Debtors. Pursuant to § 362(k)(1), Bank of America [*102] is liable for all damages incurred between the initial violation of the automatic stay and the time the stay violation is fully remedied (which remedy comes in this decision and accompanying judgment).

http://www.caeb.uscourts.gov/documents/Judges/Opinions/Published/SundquistOpinion.pdf?dt=1334551

Judge Christopher Klein is one of the most respected Judges in Ninth Circuit and is part of the

BAP pool of Judges.. The precedence has now been set in Ninth Circuit Bankruptcy Court for

punitive damages ($45 million) for defendant Banks who violate 11 USC 362 k for punitive

damages.

.

The Defendants admitted to the Montana Attorney General Mortgage Fraud Division that they

indeed submitted false proofs of Claims.

There is no doubt and the record reflects the defendants together with Judge Manley violated the

automatic stay. State Judges can be held liable for knowingly violating the stay. They "May"

have immunity, however the operative word is may have immunity but are in fact liable unless

they can prove they had no knowledge. That is not the case here. Same with defendants

attorneys.

Actions taken in violation of the automatic stay are void. void ab initio

Section 362(h) provides the following: "[a]n individual injured by any willful

violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." *Id.*

Section 362 (k)

(1) Except as provided in paragraph (2), an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

*4. What are the sanctions for violation of the stay?*
There are several bases for sanctions for violation of the automatic stay. First, §362(k) states that an individual who is injured by any willful violation of a stay **"shall" recover actual damages**, The state court had NO jurisdiction over the case or defaults once the Bankruptcy was filed and the complaint and defaults belong to Stokes estate and then Stokes. period.
Any and all rulings coming after including defendants motions and answers and fraudulent Trustee sale are void under the doctrine of void ab initio.

Every action the court took and every pleading of defendants after filing Chapter 13, is void.

Even if Defendants argue they conducted a trustee sale so the issue is mute as argued to Manley,

The $4,600,000 defaults offset any amount claimed by defendants.

The automatic stay provision of the United States Bankruptcy Code (the "Code"), 1 as codified at

11 U.S.C. § 362(a), is the cornerstone of federal debtor-creditor law.2 By prohibiting all

collection 11 U.S.C. § 362(a) (1988). The automatic stay provision provides: [A] petition filed

under section 301, 302, or 303 of this title ... operates as a stay, applicable to all entities, of- (1)

the commencement or continuation, including the issuance or employment of process, of a

judicial, administrative, or other action or proceeding against the debtor that was or could have

been commenced before the commencement of the case under this title, or to recover a claim

against the debtor that arose before the commencement of the case under this title; (2) the

enforcement, against the debtor or against property of the estate, of a judgment obtained before

the commencement of the case under this title; (3) any act to obtain possession of property of the

estate or of property from the estate or to exercise control over property of the estate; (4) any act

to create, perfect, or enforce any lien against property of the estate; (5) any act to create, perfect,

or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title; (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title; (7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor; and (8) the commencement or continuation of a proceeding before the United States Tax Court concerning the debtor.

Defendants will argue what does it matter? That is akin to a bank robber robbing a bank on Wednesday and the bank closing on Friday?

Defendants have committed extremely serious felonies. Each occurrence "Shall Be" compensated.

Based upon Defendants forged and admittedly false proof of claims and willfully violating 11 USC 362 Punitive damages should also be awarded.

## Section 363 Provides for Sales of Property Free and Clear of *Any* Interest

The starting point for interpreting a statutory provision is the language of the statute itself. *United States v. James,* 478 U.S. 597, 604, 106 S.Ct. 3116, 3120 (1986); *O'Connell v. Hove,* 22 F.3d 463, 468 (2d Cir. 1994) (*citing Kelly v. Robinson,* 479 U.S. 36, 43, 107 S.Ct. 353, 357 (1986)). When words of a statute are unambiguous, the plain meaning of the text must be enforced. *Hudson v. Reno,* 130 F.3d 1193, 1199 (6th Cir. 1997), *cert. denied,* 119 S.Ct. 64 (1998). "[C]ourts must presume that a legislature says in a statute what it means and means in a statute what it says there." *Connecticut Nat. Bank v. Germain,* 503 U.S. 249, 253-54, 112 S.Ct. 1146, 1149 (1992). It is not proper for a court to delve further to determine what the plain and unambiguous language means. *Id.* at 254, 112 S.Ct. at 1149 ("When the words of a statute are unambiguous...judicial inquiry is complete.").

Because the phrase "any interest" is not limited by the Code, the phrase should be construed broadly in accordance with its plain, unambiguous and all-encompassing meaning. Accordingly, while the Bankruptcy Code does not define the term "interest," the term (as used in §363(f)) has been recognized to include a leasehold interest. *In re Taylor,* 198 B.R. at 162; *see, also, In re Leckie Smokeless Coal Co.,* 99 F.3d 573 (4th Cir. 1996), *cert. denied,* 520 U.S. 1118 (1997) ("interest" as used in §363 is intended to refer to obligations that are connected to or arise

from the property being sold). A broad and all-encompassing interpretation of the phrase "any interest" is supported by and consistent with the broad use of that phrase in other provisions of the Code. *See, e.g.,* 11 U.S.C. §541(a)(3), (4), (5), and (7).

Moreover, such a broad and all-encompassing interpretation of the phrase "any interest" is further supported by the U.S. Supreme Court's construction of identical language in another federal statute. The forfeiture provisions of the Racketeer Influenced and Corrupt Organizations (RICO) statute, 18 U.S.C. §1963(a)(1), provide that a person convicted under RICO shall forfeit to the United States "any interest he has acquired or maintained in violation of [RICO]." *See Russello v. United States,* 464 U.S. 16, 104 S.Ct. 296 (1983

Conclusion


LSF 8 Motion to Modify should be denied in all respects.


Stokes should be awarded $4,600,000.00. The amount removed from the estate in violation of 11

362 (A)  PLUS 10% INTEREST, from May 12, 2016, date of Defaults.


Stokes should be awarded at least Treble Punitive Damages against LSF 8. LSF 8 is managed by

Lone Star Financial of Texas. Assets of over $90 Billion. They haven't gotten the message yet

and continue to wreck harm on the public and continue to deceive the courts. They play the

numbers game.


Under 18 USC 851 152(4) Stokes should be awarded Actual and  Punitive damages for blatant

violations and forgeries.

To Quiet title once and for all, forthwith.

To pay all proceeds into the court and to be distributed to all creditors due.

The Attorneys Jason Henderson and Erica Peterman should be fined and Stokes awarded treble

actual damages under  MCA 37-61-406 . $3,900,000.00 each.

For such further relief as the Court deems appropriate.

Respectfully Submitted

John Stokes
September 5, 2017

EXHIBIT #

Montana Quit Claim Deed
After recording return to:
Pamela Stokes
12887 Raven Way
Bigfork, Montana 59911
406-837-2283

536464 DEED          Pages: 26
STATE OF MONTANA LAKE COUNTY
RECORDED: 07/29/2014  2:56 KOI: DEED
PAULA A HOLLE  CLERK AND RECORDER
FEE: $192.00       BY Janet Munn dep
TO: PAMELA STOKES  12887 RAVEN WAY, BIGFORK MT  59911

## QUIT CLAIM DEED

KNOW ALL MEN BY THESE PRESENTS THAT FOR VALUE RECEIVED, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Elizabeth Anne Stokes (Elizabeth Anne Pickavance, married name) married, hereinafter referred to as"Grantor", does hereby convey and quitclaim unto Pamela Jeanne Stokes, married, hereinafter "Grantee", the following lands and property, together with all improvements located thereon, lying in the Lake County, State of Montana, to-wit:

The West ½ of the Southeast ¼ of Section 12, Township 26, Range 19, County of Lake, Montana. (commonly known as 12887 Raven Way, Bigfork, Montana 59911)

This is a replacement deed of Quit Claim Deed dated January 16, 2009 of Quit Claim Deed recorded and filed in United States Bankruptcy Court, State of Montana, Case # 09-60265 Doc # 240-1 filed 03/26/10. This is in compliance with Complaint, Sale and Order. All parties of record, creditors alleged or real lien holders were duly served and notified and this property was sold in accordance with 11USC 363 (f) free and clear of all liens. Dated March 12, 2012, United States Judge Ralph Kirscher, presiding.

SUBJECT to all easements, rights-of-way, protective covenants and mineral reservations of record, if any. TO HAVE AND TO HOLD same unto Grantee, and unto Grantee's heirs and assigns forever,with all appurtenances thereunto belonging.

WITNESS Grantor hand this the 25 day of JULY, 2014

Grantor Elizabeth Anne Pickavance (formally STOKES)

STATE OF MONTANA
The foregoing instrument was acknowledged before me this 25th day of JULY 2014. by Elizabeth Anne Pickavance (Grantor)

Notary Public
Print Name Olene M Bradstreet
Serial Number, if any: _____
My commission expires: Sept 3 2017

JOLENE M BRADSTREET
NOTARY PUBLIC for the
State of Montana
Residing at Bigfork, MT
My Commission Expires
September 03, 2017.
SEAL

Grantor: ELIZABETH ANNE PICKAVANCE, 104 CHURCH STREET, BIGFORK MONTANA 59911 (406-261-1352)

Grantee: PAMELA JEANNE STOKES, 12887 RAVEN WAY, BIGFORK, MONTANA 59911
SEND TAX STATEMENTS TO GRANTEE

Copy of Quit Claim Deed dated January 16th attached Case # 09-60265, doc# 240-1

**536464**

James H. Cossitt (Mont. # 4773)
JAMES H COSSITT PC
40 2nd St E Ste 202
Kalispell MT 59901-6112
Tel: 406-752-5616
Email: jhc@cossittlaw.com
Attorney for Trustee

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| IN RE:<br><br>JOHN P STOKES,<br><br>Debtor(s). | CASE # 09-60265 |

## TRUSTEE'S SECOND MOTION
## FOR TURNOVER OF ASSETS OF THE ESTATE

**NOTICE:**     **If you object to this motion, you must file a written responsive pleading and request a hearing within fourteen (14) days of the date of this motion. The responding party shall schedule the hearing on the motion at least twenty-one (21) days after the date of the response and request for hearing and shall include in the caption of the responsive pleading the date, time and location of the hearing by inserting in the caption the following:**

> **NOTICE OF HEARING**
> **Date: _____**
> **Time:_____**
> **Location:_____**

**If no objections are timely filed, the Court may grant the relief requested as a failure to respond by any entity shall be deemed an admission that the relief requested should be granted.  You are further notified that LBR 9013-1(e) requires that "any response must state with specificity the grounds for**



**536464**

**any and all objections, including citation to applicable statutes and case law . . . and the facts . . ." that relate to the dispute.**

COMES NOW Richard J. Samson, chapter 7 trustee, a party in interest, and

pursuant to LBR 9013-1, FRBP 4002(a), 7001(1), 9013, 9014 and §§ 102 and 542 of the

Code, states:

1.      This case was converted to a chapter 7 proceeding on 9/21/09 and Richard

J. Samson was appointed chapter 7 trustee (see dockets # 097-099).

2.      Among the assets of the estate are:

a. an unrecorded deed in the possession of the debtor (attached as Exhibit 1); and

b. those items of non exempt property described in the Court's order 9/4/09 (docket # 90).

3.      The trustee believes it is in the best interests of the estate to take

possession of, secure and otherwise obtain control over both the unrecorded deed and

the and the non exempt estate assets described in docket # 90.

4.      Among the trustee's duties in § 704 is the duty to "collect and reduce to

money the property of the estate".

5.      To implement that duty, § 542 requires parties to deliver and account for

property of the estate.

6.      In docket # 120, this Court has previously ordered the debtor to:

a. the Debtor **SHALL** cooperate with the trustee, to identify, turnover, and otherwise surrender or allow the Trustee to secure all assets of the estate, whether: 1) on the schedules; 2) identified in Docket No. 97; or c) not scheduled, to the Trustee, his counsel or his agent(s); and

536464

7.    The assets of the estate include the items described in ¶ 2 above and in docket # 90.

## BRIEF IN SUPPORT OF MOTION

This Second Motion for Turnover is based on FRBP 4002(a), 7001(1), 9013 and 9014 and § 542 of the Code.

WHEREFORE, the trustee requests that the Court enter Orders as follows:

a.    the debtor shall cooperate with the trustee, identify, turnover, and otherwise surrender the original of the unrecorded deed and all property described in docket # 90

b.    for such other & further relief as is just & equitable or authorized by FRCP 54(c).

Dated: March 26, 2010                    /s/ James H. Cossitt

James H. Cossitt (Mont. # 4773)
ATTORNEY FOR Trustee

Original filed via ECF

**Pursuant to FRBP 7005 & 9014 (b) and FRCP 5(b)(2)(D) all parties noted in the Court's ECF transmission facilities have been served via ECF.**

# 536464

**The following have been served by mail:**

JOHN PATRICK STOKES
12887 RAVEN WAY
BIGFORK, MT 59911

## CERTIFICATE OF SERVICE BY MAIL / ECF

This document was served pursuant to FRBP 7004, 9001(8), 9013, 9014(b):  1) by mail, in envelopes addressed to each of the parties at the addresses above; and/or  2) by electronic means, pursuant to LBR 7005-1, 9013-1(c) and 9036-1 on the parties noted in the Court's ECF transmission facilities, on March 26, 2010.  The undersigned declares, under penalty of perjury pursuant to 28 USC § 1746, that the foregoing is true and correct.

*/s/ James H. Cossitt*

L:\Clients\Stokes\09-60265\ECF-D\2010-03-26 -2nd Turnover.doc                                   Revised 3/26/2010 CCG

After Recording return to
John Stokes
12887 Raven Way
Bigfork, Montana 59911

**536464**

# QUITCLAIM DEED

THIS QUITCLAIM DEED, Executed this 16th day of January 16, 2009 by Elizabeth
Anne Stokes (Pickavance) (Seller) whose address is 104 Church Street, Bigfork,
Montana, 59911, to John Patrick Stokes and Pamela Jeanne Stokes, Husband and
Wife as Joint Tenants(Purchaser) whose address is 12887 Raven Way Bigfork,
Montana 59911

For good and valuable consideration the receipt whereof is hereby acknowledged,
Seller

does hereby convey unto Purchaser forever, all the right, title, interest and claim
which Seller has in and to the following described parcel of land, and improvements
and appurtenances thereto:

the West 1/2 of the South east 1/4 of section 12, township 26,
range 19, County of Lake, Montana

(commonly known as 12887 Raven Way, Bigfork, Montana 59911)

IN WITNESS WHEREOF, *Elizabeth Pickavance* has signed and sealed
these presents the day and year first above written.

*Elizabeth Pickavance.*

Seller

STATE OF ) Montana

COUNTY OF ) Flathead

Subscribed and sworn before me this the 16th day of January, 2009

WITNESS my hand and official seal.

*Melissa Corder* __ My commission expires: 7·23·2011
MELISSA CORDER
Notary Public

MELISSA CORDER
NOTARY PUBLIC-MONTANA
Residing at Bigfork, Montana
My Comm. Expires Jul. 23, 2011

NOTARIAL SEAL.

536464

Harold V. Dye
I.D. #408
Dye & Moe, P.L.L.P.
P.O. Box 9198
Missoula, Montana 59807-9198
Telephone: (406) 542-5205
Fax: (406) 721-1616
E-mail: hdye@dyemoelaw.com
Attorney for Plaintiff

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| IN RE **JOHN PATRICK STOKES,** Debtor. | Case No. 09-60265-7 |
| **RICHARD J. SAMSON, Trustee,** Plaintiff, vs. **JOHN PATRICK STOKES, PAMELA J. STOKES, ELIZABETH A. PICKAVANCE and HSBC MORTGAGE SERVICES, INC.,** Defendants. | Adversary Proceeding No. _____ COMPLAINT |

COMES NOW Richard J. Samson, as Chapter 7 Trustee for the bankruptcy estate of

John Patrick Stokes, by and through his counsel of record , and for his complaint against the

Defendants, alleges as follows:

-1-

**536464**

### Parties and Jurisdiction

1. This Court has jurisdiction over this cause pursuant to 28 U.S.C. § 1334 and 11 U.S.C. §§ 363, 506, 541, 542, 544 and 548. This is a core proceeding within the meaning of 28 U.S.C. § 157. Venue is proper pursuant to 11 U.S.C. § 1409.

2. Plaintiff is the duly appointed trustee in this Chapter 7 case. Defendant John Patrick Stokes ("J. Stokes") is the debtor in this case. Defendant Pamela J. Stokes ("P. Stokes") is the spouse of J. Stokes. Defendant Elizabeth A. Pickavance ("Pickavance") is the daughter of J. Stokes and P. Stokes. Defendant HSBC Mortgage Services, Inc. ("HSBC") purports to hold a lien on a portion of the real property commonly known as 12887 Raven Way Bigfork, Montana (the "Raven Way Property").

3. This action is brought for the purpose of determining that the Raven Way Property is property of the bankruptcy estate; for avoiding fraudulent transfers in connection with said property; to obtain court permission, pursuant to 11 U.S.C. § 363(f), to sell the Raven Way Property free and clear of the interests of co-tenant, P. Stokes, the purported lienholder HSBC and of any interest of Pickavance; for a determination of the validity and extent of the lien of HSBC in the Raven Way Property and to surcharge the interest of HSBC with an equitable share of the expenses of Plaintiff in the determination, avoidance and sale of the Raven Way Property, pursuant to 11 U.S.C. § 506(c).

### General Allegations

4. Defendant J. Stokes commenced this case on March 4, 2009, by filing a voluntary petition under Chapter 11 of the Bankruptcy Code. This case was converted to Chapter 7 on September 21, 2009. Plaintiff was appointed to as trustee on September 21, 2009.

**536464**

5.   On or about March 15, 1994, J. Stokes and P. Stokes purchased the Raven Way Property. The Raven Way Property presently consists of approximately eighty (80) acres. The property has been further divided into four (4) separate twenty acre parcels for mortgage purposes only.

6.   On or about August 31, 1998, J. Stokes and P. Stokes, executed and delivered to Pickavance (then known as Elizabeth Stokes) a quit claim deed to the Raven Way Property. The quit claim deed was recorded at the request of J. Stokes on the same date.

7.   While purporting to be an absolute conveyance of the Raven Way Property, the quit claim deed was, in fact, a transfer in trust wherein Pickavance was to hold the Raven Way Property for the benefit of J. Stokes and P. Stokes.

8.   The trust arrangement between J. Stokes and P. Stokes on the one hand and Pickavance, on the other, was verbal and secret. It was, however, revocable pursuant to M.C.A. § 72-33-401 since the trust was not "made irrevocable by the trust instrument."

9.   Pursuant to 11 U.S.C. § 541, the right to revoke the trust passed to Plaintiff. Plaintiff hereby revokes said trust.

10.   On or about January 16, 2009, Pickavance executed and delivered to J. Stokes and P. Stokes a quit claim deed to the Raven Wood Property.


11.   Defendant J. Stokes failed to disclose the existence of the quit claim in his Schedules or Statement of Financial Affairs filed with the Court in this case.

12.   The delivery of the January 16, 2009 quit claim deed terminated the verbal trust between J. Stokes and P. Stokes as trustors and Pickavance as trustee.   In the alternative,

**536464**

delivery of said deed conveyed all of Pickavance's right, title and interest to J. Stokes and P. Stokes.   The interest of J. Stokes in said property is now property of the bankruptcy estate.

13.  HSBC filed its proof of claim in this case on March 20, 2009.  HSBC's proof of claim is identified as Claim No. 1 on the claims' register maintained by the Clerk of the Bankruptcy Court.

14.  Based on the proof of claim filed in this case, HSBC purports to hold a first position deed of trust on a twenty (20) acre parcel of the Raven Way Property.  The residence of J. Stokes and P. Stokes is located on the parcel of real property subject to the purported lien of HSBC.

15.  Attached to HSBC's proof of claim is a photocopy of the original note executed by J. Stokes and P. Stokes in favor of WMC Mortgage Corporation, the original lender.

16.  The copy of the note attached to the proof of claim is endorsed in blank on behalf of  WMC Mortgage by Jose A. Mina in his capacity as "Asst. Secretary."   HSBC is not identified as a payee.

17.  In order to be a holder of a note endorsed in blank, HSBC must show that it has physical possession of the note.   Alternatively, HSBC must be able to demonstrate that the endorsement of the note from WMC Mortgage specifically identifies HSBC as the assignee of the note. To date, HSBC has failed to provide any evidence that it is the holder of the note.

### Count One
### (Declaratory Relief Against J. Stokes, P. Stokes and Pickavance)

18.  Plaintiff incorporates by reference the allegations of paragraphs 1 though 17.

**536464**

19. There is an actual and existing dispute regarding whether the Raven Way Property is property of the bankruptcy estate and a judicial declaration thereof is necessary to determine the parties respective interests.

20. Plaintiff is entitled to a judicial declaration that the Raven Way Property is property of the estate, subject to any interest of P. Stokes therein, as may be shown by the evidence and as determined by the Court. Further, Plaintiff is entitled to a judicial declaration that Pickavance has no legal or equitable interest in the Raven Way Property.

### Count Two
### (Avoid Fraudulent Transfer Against P. Stokes and Pickavance)

21. Plaintiff incorporates by reference the allegations of paragraphs 1 though 20.

22. Any interest that P. Stokes or Pickavance have in the Raven Way Property which they acquired from J. Stokes was as a result of actual intent on the part of J. Stokes to hinder, delay or default his creditors.

23 Plaintiff is entitled to avoid said transfer(s) pursuant to 11 U.S.C. § 548 and/ or M.C.A. § 31-2-333.

### Count Three
### (Determination of the Validity of HSBC Lien)

24. Plaintiff incorporates by reference the allegations of paragraphs 1 though 23.

25. HSBC does not have actual, physical possession of the note dated July 13, 1998 executed by J. Stokes and P. Stokes in favor of WMC Mortgage Corporation which secures a first position Deed of Trust, also in favor of WMC Mortgage Corporation, to the Raven Way Property.

-5-

**536464**

26. The Court should determine that under applicable Montana law, the right to be the beneficiary of a mortgage or deed of trust is dependant on being the holder of the underlying note.

27. Based on its inability to demonstrate that it is the holder of the note, the Court should determine that HSBC has no interest in the Raven Way Property.

## Count Four
### (Sale of Property Free and Clear of Liens Against P. Stokes, Pickavance and HSBC)

28. Plaintiff incorporates by reference the allegations of paragraphs 1 though 27.

29. The interest of P. Stokes, Pickavance and HSBC in the Raven Way Property is in bona fide dispute.

30. Plaintiff is entitled to sell the Raven Way Property free and clear of liens pursuant to 11 U.S.C. § 363(f).

## Count Five
### (11 U.S.C. § 506(c) Surcharge Against HSBC)

31. Plaintiff incorporates by reference the allegations of paragraphs 1 though 30.

32. Plaintiff is entitled to surcharge the interest of HSBC with an equitable share of the expenses incurred by Plaintiff in the determination of ownership, avoidance and sale of the Raven Way Property pursuant to 11 U.S.C. § 506©.

WHEREFORE, Plaintiff demands judgment as follows:

1. That the Court issue a declaratory judgment that the Raven Way Property is property of the bankruptcy estate and that Pickavance has no legal or equitable interest therein;

2. That the Court determine the nature and extent, if any, of the interest of P. Stokes in the Raven Way Property;

-6-

536464

3. That the Court avoid fraudulent transfers of the Raven Way Property by J. Stokes to Pickavance and/or P. Stokes;

4. That the Court determine that HSBC has no interest in the Raven Way Property;

5. That the Court authorize the sale of the Raven Way Property free and clear of liens and interests with valid liens or interests to attaching to the proceeds of sale, pursuant to 11 U.S.C. § 363(f);

6. That the Court surcharge the interest of HSBC with an equitable share of the expenses incurred by Plaintiff in determination of ownership, avoidance and sale of the Raven Way Property pursuant to 11 U.S.C. § 506 (c).

7. For such other and further relief as the Court deems just and proper.

DATED this _____ day of February, 2011.

DYE & MOE, P.L.L.P.

*/s/ Harold V. Dye*
Harold V. Dye
Attorney for the Plaintiff

UNITED STATES BANKRUPTCY COURT **536464**
FOR THE DISTRICT OF MONTANA

In re

**JOHN PATRICK STOKES,**                    Case No. **09-60265-7**

Debtor.

# ORDER

At Butte in said District this 11ᵗʰ day of June, 2010.

In this Chapter 7 case hearings were scheduled to be held at Missoula on several matters,

including: (1) the Trustee's second motion for turnover of assets of the estate (Docket No. 240);

(2) Trustee's second motion for extension of time (Dkt. 231); (3) Debtor's motion to modify stay

(Dkt. 247) and objection thereto filed by Davar Gardner and Todd Gardner ("Gardners"); and (4)

the motion to intervene in contested matter (Dkt. 270) filed by Elizabeth Pickavance

("Pickavance"), to which the Trustee filed an objection on June 9, 2010 (Dkt. 279). The Trustee

was represented at the hearing by attorney James H. Cossitt ("Cossitt") of Kalispell. The Debtor

was represented by attorney Edward A. Murphy of Missoula. Pickavance was represented by

attorney Del M. Post of Missoula. Gardners were represented by Joel E. Guthals of Billings.

Cossitt announced the terms of a settlement between the Debtor, Trustee and Pickavance

regarding the property described at paragraph 2(a) of the Trustee's second motion for turnover

and Pickavance's motion to intervene, to which counsel for the Debtor and Pickavance assented.

Based on the representations of counsel the Court vacated the hearing and granted the parties ten

(10) days to file a written stipulation.

1

**536464**

Debtor's counsel moved to continue the hearing on his motion to modify stay to July 15, 2010, and stipulated to waive the 30-day time limit of 11 U.S.C. § 362(e). Counsel for Gardners agreed, and the Court continued the hearing on Debtor's motion to modify stay to July 15, 2010.

**IT IS ORDERED** and **NOTICE IS HEREBY GIVEN** the hearing on Debtor's motion to modify stay (Dkt. 247) and Gardners' objection thereto will be held on **Thursday, July 15, 2010, at 9:00 a.m.**, or as soon thereafter as counsel can be heard, in the **BANKRUPTCY COURTROOM #200A, RUSSELL SMITH COURTHOUSE, 201 E. BROADWAY, MISSOULA, MT**; the time limit of § 362(e) is waived and the stay shall remain in effect pending the conclusion of the hearing.

**IT IS FURTHER ORDERED** the Debtor, Trustee and Pickavance shall file on or before **June 21, 2010**, a written stipulation resolving the Trustee's second motion for turnover, paragraph 2(a) (Dkt. 240), Trustee's second motion for extension of time (Dkt. 231) and Pickavance's motion to intervene (Dkt. 270); and **NOTICE IS HEREBY GIVEN** the hearing on turnover of the assets described in paragraph 2(b) of the Trustee's second motion for turnover (Dkt. 240), and Debtor's objection thereto, will be held on **Thursday, July 15, 2010, at 9:00 a.m.**, or as soon thereafter as counsel can be heard, in the **BANKRUPTCY COURTROOM #200A, RUSSELL SMITH COURTHOUSE, 201 E. BROADWAY, MISSOULA, MT.**

BY THE COURT

HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana

2

**536464**

James H. Cossitt (Mont. # 4773)
JAMES H. COSSITT, PC
40 2nd St E Ste 202
Kalispell, MT 59901-6112
Tel: 406-752-5616
Email: jhc@cossittlaw.com
ATTORNEY FOR TRUSTEE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In Re:<br><br>JOHN PATRICK STOKES,<br><br>Debtor. | Case # 09-60265 |

## STIPULATION RE:
### 1) TRUSTEE'S SECOND MOTION FOR TURNOVER OF ASSETS OF THE ESTATE (Docket Nos. 240 and 244), and
### 2) ELIZABETH PICKAVANCE'S MOTION TO INTERVENE IN A CONTESTED MATTER (Docket No. 270)

This Stipulation is entered into by the Debtor, Chapter 7 Trustee Richard J. Samson, and Applicant in Intervention Elizabeth Pickavance, through counsel.   The parties stipulate:

1.       To the entry of an Order by the Court granting ¶ 2(a) of the Trustee's Motion for Turnover of Assets of the Estate (docket #240), as follows:

   a.   Elizabeth Pickavance shall prepare, execute and turn over to James H. Cossitt, attorney for Chapter 7 Trustee Richard J. Samson, a deed identical to that which is attached as Exhibit 1 of docket #240, no later

**536464**

than July 1, 2010; and

b. the Trustee will not record or otherwise assert interest in the real property without an FRBP 7001 proceeding; and

c. with the exception of the requirement to execute and turn over a deed as provided in ¶ 1 above, nothing in the Order or this proceeding will be binding on Elizabeth Pickavance; and

d. nothing in the Order shall constitute an adjudication of any interest in the real property; and

e. any party's right, claim, and interest to the real property shall be unaffected by the Order; and

f. Elizabeth Pickavance shall withdraw her Motion to Intervene (docket #270).

2. To the entry of an Order by the Court continuing the matters set forth in ¶ 2(b) of Trustee's Second Motion for Turnover of Assets to the July 15, 2010 Missoula docket.

Dated: June 22, 2010       /s/ *James H. Cossitt*
                          ATTORNEY FOR TRUSTEE

                          /s/ *Edward A. Murphy*
                          ATTORNEY FOR DEBTOR

                          /s/ *Del M. Post*
                          ATTORNEY FOR ELIZABETH PICKAVANCE

Original filed via ECF

In re: John Patrick Stokes, Chap. 7 #09-60265
Stipulation                                                 

**536464**

## The following have been served by mail:

| | |
|---|---|
| John Patrick Stokes<br>12887 Raven Way<br>Bigfork, MT 59911<br>*Debtor* | |

### CERTIFICATE OF SERVICE BY MAIL / ECF

This document was served pursuant to FRBP 7004, 9001(8), 9013, 9014(b): 1) by mail, in envelopes addressed to each of the parties at the addresses above; and/or 2) by electronic means, pursuant to LBR 7005-1, 9013-1(c) and 9036-1 on the parties noted in the Court's ECF transmission facilities, on June 22, 2010. The undersigned declares, under penalty of perjury pursuant to 28 USC § 1746, that the foregoing is true and correct.

*/s/ Cynthia C. Grammo*

L:\Clients\Stokes\09-60265\ECF-D\2010-06-22 - Stip re TT M Turnover #240.doc          Revised 6/22/2010  JHC

In re: John Patrick Stokes, Chap. 7 #09-60265
Stipulation                                        Page 3 of 3

Richard J. Samson
CHRISTIAN, SAMSON & JONES, PLLC
Attorneys at Law
310 W. Spruce St.
Missoula, Montana 59802
Telephone: (406) 721-7772
Fax: (406) 721-7776
E-mail: rjs@csjlaw.com
Attorney I.D. No.: 1904

**536464**

Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| IN RE: | ) |
| | ) |
| **JOHN PATRICK STOKES,** | ) Case No. **09-60265-7** |
| | ) |
| | ) **NOTICE OF HEARING** |
| Debtor. | ) **Date: November 4, 2010** |
| | ) **Time: 9:00 a.m.** |
| | ) **Location: Russell Smith Federal** |
| | ) **Courthouse Building,** |
| | ) **Bankruptcy Courtroom,** |
| | ) **201 E. Broadway** |
| | ) **Missoula, Montana** |

## TRUSTEE'S OBJECTION TO PROOF OF CLAIM AND NOTICE OF HEARING

Pursuant to F.R.B.P. 3007 and Mont. LBR 3007-2, the undersigned Trustee respectfully

enters his objection to the Proof of Claim filed in the above-entitled case by HSBC Mortgage

Services ("HSBC"). The claim which is the subject of this objection is identified as Claim No. 1

on the Claims Register maintained in this case by the Clerk of the Bankruptcy Court. The

grounds for this objection are as follows:

      1.     The subject claim was filed by HSBC on March 20, 2009, in the total amount of

1

**536464**

$255,800.94. The subject claim is designated as a secured claim and indicates that the collateral which provides security for the obligation is real estate.

2.  Attached to the claim filed by HSBC is a Deed of Trust dated July 13, 1998 in which the Debtor and his spouse are identified as the Grantors, Mark E. Noennig is identified as the trustee and WMC Mortgage Corp., is identified as the Beneficiary. The Debtor and his spouse executed the Deed of Trust on July 13, 1998. The Deed of Trust was recorded in Lake County, Montana, on July 17, 1998. The Deed of Trust relates to certain real property held in the name of the Debtor and his spouse located in Lake County, Montana. The Debtor and his spouse continue to reside on the subject real property.

3.  Also attached to the claim filed by HSBC is a Note, dated July 13, 1998. The principal amount of the Note is $199,500.00 and is in favor of WMC Mortgage Corp. The stated interest rate on the note is 11.4900%. The Note was executed by the Debtor and his spouse.

4.  Also attached to claim filed by HSBC is a single page with a stamped endorsement which states:   PAY TO THE ORDER OF

WITHOUT RECOURSE
WMC MORTGAGE CORP.

5.  The endorsement is signed by Jose A. Mina who is identified as the "Asst. Secretary". There is no date on the stamped endorsement. HSBC is not identified as the assignee of the Note from WMC Mortgage Corp.

6.  By filing its claim in this case, HSBC can be assumed to be taking the position that it is the holder of the Note initially executed in favor of WMC Mortgage Corp. In order to be the legal holder of the note, HSBC must show that it has transfer of possession of the note (*See,* M.C.A. § 30-3-204(2). Stated differently, HSBC must demonstrate that it is in physical

2

possession of the Note.

**536464**

7.    Alternatively, HSBC must be able to demonstrate that the endorsement of the Note from WMC Mortgage Corp. specifically identifies HSBC as the assignee of the Note. The endorsement attached to the claim is in blank and, thus, constitutes a "blank indorsement". (*See,* M.C.A. § 30-3-204(3).

8.    Under either of the above-identified scenarios, HSBC must be able to show that it is the current holder of the Note and has physical possession of the same.

9.    Until such time as HSBC can demonstrate that it has physical possession of the Note attached to its claim and is, thus, the Note holder, Trustee requests that the claim be disallowed.

WHEREFORE, based on the foregoing, the Trustee respectfully requests that Proof of Claim No. 1, filed in this case by HSBC Mortgage Services, be disallowed in its entirety.

DATED this 30th day of September, 2010.

CHRISTIAN, SAMSON & JONES, PLLC

By:  */s/ Richard J. Samson*
　　　　Richard J. Samson
　　　　Chapter 7 Trustee

## NOTICE OF HEARING

**A hearing on the TRUSTEE'S OBJECTION TO PROOF OF CLAIM will be held at the date, time and location set forth in the caption above, at which time you must appear and respond to such Objection. If no response is timely made, the Court may grant the Objection as a failure to appear shall be deemed an admission that the Objection is valid and should be granted.**

3

CERTIFICATE OF SERVICE          **536464**

        The undersigned does hereby certify that on the 30th day of September, 2010, a copy of
the foregoing Trustee's Objection to Proof of Claim and Notice of Hearing was duly mailed by
First Class Mail, postage prepaid or served via CM/ECF to the following:

Office of the U.S. Trustee
(Via ECF)

Edward A. Murphy
(Via ECF)

HSBC Mortgage Services
P. O. Box 21188
Eagan, MN 55121-4201

                                    */s/ Richard J. Samson*

4

Richard J. Samson
CHRISTIAN, SAMSON & JONES, PLLC
Attorneys at Law
310 West Spruce
Missoula, Montana 59802
Telephone: (406) 721-7772
Fax: (406) 721-7776
E-mail: rjs@csjlaw.com
Attorney I.D. No.: 1904
Chapter 7 Trustee

**536464**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MONTANA

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | |
| **JOHN PATRICK STOKES,** | ) | Case No. **09-60265-7** |
| | ) | |
| Debtor. | ) | |

## NOTICE OF TRUSTEE'S MOTION TO APPROVE COMPROMISE SETTLEMENT

### TO THE DEBTOR, CREDITORS AND PARTIES IN INTEREST:

**PLEASE TAKE NOTICE** that the Chapter 7 Trustee has filed with the Court his Motion, pursuant to Bankruptcy Rule 9019, requesting the approval of proposed settlement agreement entered between the Chapter 7 Trustee, as Plaintiff, and John Patrick Stokes, Pamela J. Stokes and Elizabeth Pickavance, as Defendants. The settlement agreement relates to claims alleged by the Trustee against the Defendants in Adversary Proceeding No. 11-00009.

The general terms and conditions of the proposed settlement agreement which the parties have agreed to are as follows:

(a)     Defendant John Stokes and Pamela Stokes will pay to the Trustee, for the benefit of creditors of this estate, the cash sum of $10,295.00 within one (1) year of Court approval of the settlement agreement between the parties. The amount owing to the estate will be secured by a Consensual Judgment which the Trustee may enforce if the settlement amount is not paid in the one year period;

(b)     The total amount of the Settlement Agreement shall be allocated with $8,000 treated as a settlement of the litigation involving the Raven Way property (the Debtor's current residence) and the remaining sum of $2,295.00 allocated for the

536464

Debtor's purchase of non-exempt equity in various items of personal property;

( c )    Defendant Elizabeth Pickavance will dismissed without prejudice from Adversary Proceeding No. 11/00009 and that dismissal will become a dismissal with prejudice at the time she transfers any interest she has in the Raven Way property to Pamela J. Stokes.

Trustee believes the proposed settlement is fair and equitable and is in the estate's best interest at this time. A copy of the Trustee's motion to approve the proposed settlement with the Defendants will be made available to any party requesting a copy thereof from the Trustee within five (5) business days of a request for the same.

DATED this ___21st___ day of February, 2012.

By: _/s/ Richard J. Samson_____
Richard J. Samson
Chapter 7 Trustee

## NOTICE OF OPPORTUNITY TO RESPOND AND REQUEST HEARING

**If you object to the Trustee's motion, you must file a written responsive pleading and request a hearing within fourteen (14) days of the date of this Notice. The responding party shall schedule the hearing on the objection to the motion at least twenty one (21) days after the date of the response and request for hearing and shall include in the caption of the responsive pleading in bold and conspicuous print the date, time and location of the hearing by inserting in the caption the following information:**

**NOTICE OF HEARING**
**Date:_____**
**Time:_____**
**Location:_____**

**If no objections are timely filed, the Court may grant the relief requested as a failure to respond by any creditor or party in interest shall be deemed an admission that the relief requested by the Trustee should be granted.**

DATED this ___21st___ day of February, 2012.

By: _/s/ Richard J. Samson_____
Richard J. Samson
Chapter 7 Trustee

**536464**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MONTANA

|  |  |
|---|---|
| IN RE | ) |
| | ) |
| **JOHN PATRICK STOKES,** | ) Case No. **09-60265-7** |
| | ) |
| Debtor. | ) |

### ORDER APPROVING SETTLEMENT

At Butte in said District this 12th day of March, 2012.

Before the Court is the motion of the Chapter 7 Trustee, through counsel, filed on February 21, 2012 (Docket No. 375), requesting the Court's approval of a Settlement Agreement entered into between the Trustee, as Plaintiff, and John Stokes, Pamela Stokes and Elizabeth Pickavance, all as Defendants. The proposed Settlement Agreement arises in the context of Adversary Proceeding No. 11-00009 and fully and finally resolves all claims the Trustee may have against the settling Defendants. Notice of the Trustee's motion to approve the proposed settlement agreement was served on all parties entitled to notice and no objections to the Trustee's motion have been filed with the Court. Based on the Court's review of the Trustee's motion and the Settlement Agreement attached thereto, the Court finds the proposed settlement agreement is fair and equitable, in the estate's best interest pursuant to Rule 9019(a), F.R.B.P., and therefore, good cause appearing,

**IT IS ORDERED** the Trustee's Motion for Approval of Compromise Settlement, filed

1

on February 21, 2012, is **GRANTED,** and the Parties shall henceforth be bound by and shall

comply with all terms and conditions contained in the executed Settlement Agreement attached

to the Trustee's motion filed in this case.

BY THE COURT

HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana

**536464**

2

EXHIBIT #    2

560426 MISC        Pages: 2
STATE OF MONTANA LAKE COUNTY
RECORDED: 01/31/2018 10:28  KDI: MISC
PAULA A HOLLE  CLERK AND RECORDER
FEE: $14.00      BY: _Paula A Holle_
TO:   ,

After recording mail to:

John P. Stokes
12887 Raven Way
Bigfork Montana 59911
406 837 2283

# TRUSTEE'S DEED DATED AUGUST 18, 2016 IS
# VOID

The Trustee's Deed made August 18, 2016, Document # 549930, or any time there after is null and void. At no time was First American Title Company of Montana, Inc a lawful Successor Trustee and had no power of sale. LSF8 Master Participation Trust's interest was acquired by fraud and forgery. LSF8 Master Participation Trust at no time had any lawful interest or authority to appoint or assign or authority to sell the following property situated at 12887 Raven Way Bigfork, Montana in Lake County, Montana described as follows:

THE NORTH HALF OF SOUTHWEST QUARTER OF THE SOUTHEAST QUARTER (N 1/2SW1/4SE1/4 Section 12, Township 26 North, Range 19 West P.M.M, of the Jewel View Land Subdivision, Lake County, Montana. Subject to and together with a 60-foot private road and utility easement with a 50 foot radius cul-de-sac as indicated on Certificate of Survey Number 5068.

Any interest claimed by the above named parties or HFC II, came about by forging and fabricating documents in violation of State and Federal Statues, Code and law. Any and all parties who deal with in any way the described property are deemed to have knowledge of the Forgeries (Four Forgeries and Fabrications) and are subject to Federal RICO suit of actual



and treble damages, and criminal penalties. Including any and all signors, representatives, clerks or notary publics of the above named.

This also applies to all attorneys who in any way assist or represent the above named parties and all individuals representing corporations or LLC's or private parties, their successors or assigns.

Felony Forgery is a criminal offense and punishable by fine and prison.

Therefore all parties and all persons dealing with this property in any way or acquiring any unlawful interest in the above said legally described real estate are hereby given NOTICE TRUSTTEE'S DEED IS VOID, as additionally any subdivision of said parcel and take any interest subject to action at their own risk and become a party and take on all liability as if named herein.

Said Trustee's Deed was made without any representation or warranty, including warranty of Title, expressed or implied, as the unlawful sale was made strictly on a as is where is basis. The above named parties at all times knew the documents were forged.

Dated January 29, 2018

John P. Stokes
12887 Raven Way
Bigfork Montana 59911
406 837 2283

State of Montana

County of Flathead

On this day   January 29, 2018 John Stokes personally appeared in front of me, a notary public in and for said County and State personally appeared  John Stokes known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed same.



PAMELA STODDARD
NOTARY PUBLIC for the
State of Montana
Residing at Bigfork, Montana
My Commission Expires
March 15, 2020

EXHIBIT #    3



**Lake County District Court**
Case Register Report
DV-24-2014-0000223-OC



User: MRENSVOLD **FILED**

04/20/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 17-0161

### STOKES, et al. vs. FIRST AMERICAN TITLE COMPANY OF MONTANA, IN

Filed:        10/7/2014
Subtype:    Civil-Other

**Status History**

| | |
|---|---|
| Open | 10/7/2014 |
| Closed | 12/15/2016 |
| Reopened | 12/21/2016 |

**Plaintiffs**

Pl. no. 1     STOKES, JOHN P

**Attorneys**

| | | |
|---|---|---|
| EVANS, MARK L. | (No longer on case) | Do Not Send Notices |
| PRO SE, | (Primary attorney) | Send Notices |

Pl. no. 2     STOKES, PAMELA J

**Attorneys**

| | | |
|---|---|---|
| EVANS, MARK L. | (No longer on case) | Do Not Send Notices |

**Defendants**

Def. no. 1     FIRST AMERICAN TITLE COMPANY OF MONTANA, INC

**Attorneys**

| | | |
|---|---|---|
| HURSH, BENJAMIN P., | (No longer on case) | Do Not Send Notices |
| COFFMAN, DANIELLE A.R., | (Primary attorney) | Send Notices |

Def. no. 2     Us Bank Trust As Trustee

**Attorneys**

| | | |
|---|---|---|
| LILLY, MICHAEL J., | (Primary attorney) | Send Notices |

Def. no. 3     LSF8 MASTER PARTICIPATION TRUST,

**Judge History**

| Date | Judge | Reason for Removal |
|---|---|---|
| 10/7/2014 | Manley, James A | Current |

**Register of Actions**

| Doc. Seq. | Entered | Filed | Text | Judge |
|---|---|---|---|---|
| 1.000 | 10/07/2014 | 10/07/2014 | Verified Complaint and Demand for Jury Trial and Summons issued (First American Title Company of Montana, LSF8 Master Participation Trust, US Bank Trust, NA, as trustee for LSF8 Master Participation Trust) | Manley, James A |
| 2.000 | 10/07/2014 | 10/07/2014 | Motion for Temporary Restraining Order | Manley, James A |
| 3.000 | 10/08/2014 | 10/08/2014 | Order | Manley, James A |
| 4.000 | 10/19/2015 | 10/19/2015 | Amended Complaint | Manley, James A |
| 5.000 | 10/19/2015 | 10/19/2015 | Renewed Motion for Temporary Restraining Order | Manley, James A |
| 6.000 | 10/30/2015 | 10/30/2015 | temporary restraining order and order to show cause issued on  October 29, 2015 | Manley, James A |
| 7.000 | 11/04/2015 | 11/04/2015 | Minute Entry | Manley, James A |
| 8.000 | 11/05/2015 | 11/05/2015 | Order vacating temporary restraining order | Manley, James A |
| 9.000 | 11/30/2015 | 11/30/2015 | Certificate of Costs and Return of Service | Manley, James A |
| 10.000 | 11/30/2015 | 11/30/2015 | Affidavit of Process Server | Manley, James A |

Date: 4/18/2017
Time: 10:19 AM
Page 2 of 4

**Lake County District Court**
Case Register Report
DV-24-2014-0000223-OC

User: MRENSVOLD



STOKES, et al. vs. FIRST AMERICAN TITLE COMPANY OF MONTANA, IN

### Register of Actions

| Doc. Seq. | Entered | Filed | Text | Judge |
|---|---|---|---|---|
| 11.000 | 12/03/2015 | 12/03/2015 | Notice of Appearance | Manley, James A |
| 12.000 | 04/04/2016 | 04/04/2016 | Notice of lis pendens | Manley, James A |
| 13.000 | 04/14/2016 | 04/14/2016 | Motion to withdraw as counsel of record | Manley, James A |
| 14.000 | 05/03/2016 | 05/03/2016 | Order Authorizing Withdrawal of Counsel | Manley, James A |
| 15.000 | 05/16/2016 | 05/12/2016 | (Copy) Summons & Return: US Bank Bank Trust, N.A.; First American Title Co.; No Service on LSF8 Master Participation Trust | Manley, James A |
| 16.000 | 05/16/2016 | 05/12/2016 | Plaintiffs Request for Entry of Default | Manley, James A |
| 17.000 | 05/16/2016 | 05/12/2016 | Entry of Default | Manley, James A |
| 18.000 | 05/18/2016 | 05/18/2016 | Defendant US Bank Trust's Notice to Proceed | Manley, James A |
| 19.000 | 05/23/2016 | 05/23/2016 | Summons Returned (3) | Manley, James A |
| 20.000 | 06/15/2016 | 06/15/2016 | Affidavit of John P. Stokes | Manley, James A |
| 21.000 | 06/15/2016 | 06/15/2016 | Affidavit of Pamela J. Stokes | Manley, James A |
| 22.000 | 06/21/2016 | 06/21/2016 | Order of Abeyance | Manley, James A |
| 23.000 | 06/27/2016 | 06/27/2016 | Notice of appearance   Me | Manley, James A |
| 24.000 | 07/05/2016 | 07/05/2016 | Motion to reconsider order of abeyance | Manley, James A |
| 25.000 | 07/18/2016 | 07/18/2016 | Defendant US Bank Trust's Response to Order of Abeyance | Manley, James A |
| 26.000 | 07/26/2016 | 07/26/2016 | Order Setting Hearing on Default (8/10/16 11 a.m.) | Manley, James A |
| 27.000 | 07/28/2016 | 07/28/2016 | Defendant U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust's Motion to Set Aside Default | Manley, James A |
| 28.000 | 07/28/2016 | 07/28/2016 | Brief in Support of Defendant U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust's Motion to Set Aside Default | Manley, James A |
| 29.000 | 07/28/2016 | 07/28/2016 | Affidavit of Michael J. Lilly | Manley, James A |
| 30.000 | 07/28/2016 | 07/28/2016 | Notice of Entry of Appearance | Manley, James A |
| 31.000 | 07/29/2016 | 07/29/2016 | First American Title Company of Montana, Inc.'s Motion to Set Aside Entry of Default and Brief in Support | Manley, James A |
| 32.000 | 07/29/2016 | 07/29/2016 | Affidavit of Phil E. DeAngeli in Support of First American Title Company of Montana, Inc.'s Motion to Set Aside Entry of Default | Manley, James A |
| 33.000 | 08/10/2016 | 08/10/2016 | Minute Entry | Manley, James A |
| 34.000 | 08/16/2016 | 08/16/2016 | Notice of Dismissal of Bankruptcy Proceedings and Submission of Proposed Order Setting Aside Entry of Default | Manley, James A |
| 35.000 | 08/17/2016 | 08/17/2016 | Order Setting Aside Entry of Default | Manley, James A |
| 36.000 | 08/29/2016 | 08/29/2016 | Defendant U.S. Bank Trust, N.A as Trustee for LSF8 Master Participation Trust's answer to Plaintiff's Amended Complaint | Manley, James A |
| 37.000 | 09/01/2016 | 09/01/2016 | Plaintiff's Request to Vacate Order | Manley, James A |
| 38.000 | 09/07/2016 | 09/07/2016 | First American Title Company of Montana, Inc.'s Motion to Dismiss and Incorporated Supporting Brief | Manley, James A |

K d
filed
1-15
notice
given

**Lake County District Court**
Case Register Report
DV-24-2014-0000223-OC

STOKES, et al. vs. FIRST AMERICAN TITLE COMPANY OF MONTANA, IN

## Register of Actions

| Doc. Seq. | Entered | Filed | Text | Judge |
|---|---|---|---|---|
| 39.000 | 09/08/2016 | 09/08/2016 | Plaintiff's Motion for Order to Show Cause for Damages for Violating 11 USC 262 | Manley, James A |
| 40.000 | 09/12/2016 | 09/12/2016 | Plaintiff's Typo Correction to Motion for Order to Show Cause for Damages for Violating 11 USC 262 | Manley, James A |
| 41.000 | 09/15/2016 | 09/15/2016 | Defendant U.S. Bank Trust, N.A. as Trustee for LSF8 Master Participation Trust's Response to Plaintiff's Motion to Show Cause | Manley, James A |
| 42.000 | 09/16/2016 | 09/16/2016 | First American Title Company of Montana, Inc.'s Combined Response to Plaintiff's Request to Vacate Order and Motion to Show Cause and Incoporated Supporting Brief | Manley, James A |
| 43.000 | 09/19/2016 | 09/19/2016 | Response to Motion to Dismiss Request for Award of Damages | Manley, James A |
| 44.000 | 09/20/2016 | 09/20/2016 | Plaintiff's Response to Defendant's Pleadings | Manley, James A |
| 45.000 | 10/03/2016 | 10/03/2016 | Motion for Summary Judgment | Manley, James A |
| 46.000 | 10/03/2016 | 10/03/2016 | Brief in Support of Motion for Summary Judgment | Manley, James A |
| 47.000 | 10/03/2016 | 10/03/2016 | Affidavit of Michael J. Lilly | Manley, James A |
| 48.000 | 10/03/2016 | 10/03/2016 | Reply in Support of First American Title Company of Montana, Inc.'s Motion to Dismiss | Manley, James A |
| 49.000 | 10/12/2016 | 10/12/2016 | Judicial Notice of Facts | Manley, James A |
| 50.000 | 10/21/2016 | 10/21/2016 | us bank trust na as trustee for lsf8 master participation trusts response to judicial notice of facts dated october 11, 2016 | Manley, James A |
| 51.000 | 10/25/2016 | 10/25/2016 | Demand for Judgment | Manley, James A |
| 52.000 | 10/26/2016 | 10/26/2016 | First American Title's Motion to Strike Plaintiff's Judicial Notice of Facts | Manley, James A |
| 53.000 | 10/27/2016 | 10/27/2016 | Emergency Contempt of Court Willful Violation of Courts Order of Abeyance | Manley, James A |
| 54.000 | 10/28/2016 | 10/28/2016 | Order Setting Hearing Date on Pending Motions (11/21/16) | Manley, James A |
| 55.000 | 11/03/2016 | 11/03/2016 | first american title's motion to strike plaintiff's demand for judment ad emergency contempt of court | Manley, James A |
| 55.500 | 11/29/2016 | 11/21/2016 | Minute Entry | Manley, James A |
| 56.000 | 11/29/2016 | 11/29/2016 | Reporter's Transcript (11/21/16) | Manley, James A |
| 57.000 | 11/29/2016 | 11/29/2016 | Order | Manley, James A |
| 58.000 | 12/14/2016 | 12/14/2016 | Notice of Submission of Proposed Order | Manley, James A |
| 59.000 | 12/16/2016 | 12/15/2016 | Order | Manley, James A |
| 60.000 | 12/20/2016 | 12/20/2016 | Notice of Entry of Order Dismissing Plaintiffs' Complaint and Granting Summary Judgment | Manley, James A |
| 61.000 | 12/21/2016 | 12/21/2016 | Motion for Default Judgment Order Against LSF8 Master Participation Trust | Manley, James A |
| 62.000 | 01/03/2017 | 01/03/2017 | Plaintiff's Motion to Vacate Order | Manley, James A |
| 63.000 | 01/03/2017 | 01/03/2017 | Plaintiff's Motion for Injunction/Stay | Manley, James A |
| 64.000 | 01/06/2017 | 01/06/2017 | Order of abeyance | Manley, James A |



' STOKES, et al. vs. FIRST AMERICAN TITLE COMPANY OF MONTANA, IN

## Register of Actions

| Doc. Seq. | Entered | Filed | Text | Judge |
|---|---|---|---|---|
| 65.000 | 01/17/2017 | 01/17/2017 | Certificate of Service | Manley, James A |
| 66.000 | 01/18/2017 | 01/18/2017 | Plaintiff's Motion for Default Judgment Against LSF8 Master Participation Trust; Addendum: Newly Discovered Evidence | Manley, James A |
| 67.000 | 01/25/2017 | 01/25/2017 | First American Title Company of Montana, Inc.'s Response to "Motion for Injunction/Stay" | Manley, James A |
| 68.000 | 01/25/2017 | 01/25/2017 | First American Title Company of Montana, Inc's Brief Opposing Motion to Vacate Order | Manley, James A |
| 69.000 | 01/25/2017 | 01/25/2017 | First American Title Company of Montana, Inc.'s Response to Plaintiffs' Motion for Default Judgment Order Against LSF8 Master Participation Trust | Manley, James A |
| 70.000 | 01/30/2017 | 01/30/2017 | Brief in Opposition to Motion for Injunction/Stay, Motion to Vacate Order, and Motin for Default Judgment Order Against LSF8 Master Participation Trust | Manley, James A |
| 71.000 | 02/03/2017 | 02/03/2017 | Plaintiff's Response & Certificate of Service | Manley, James A |
| 72.000 | 02/28/2017 | 02/28/2017 | Order denying motions | Manley, James A |
| 73.000 | 03/13/2017 | 03/13/2017 | Notice of Appeal | Manley, James A |
| 74.000 | 03/20/2017 | 03/20/2017 | Notice of Appeal | Manley, James A |
| 75.000 | 03/21/2017 | 03/21/2017 | Notice of Filing from Supreme Court (copy) | Manley, James A |
| 76.000 | 04/18/2017 | 04/18/2017 | Record on Appeal Sent to Supreme Court | Manley, James A |

STATE OF MONTANA ⎱ ss
County of Lake     ⎰
I hereby certify that the document to which this certificate is
affixed is a true, correct and compared copy of the original
on file in the office of the Clerk of the District Court.
WITNESS my hand and Seal of the District Court of
Lake County this _____ day of _____ _____
Lyn Fricker, Clerk of Court, Lake County, Montana
Court Seal By _____
                              Deputy Clerk

EXHIBIT #    4

CLERK OF THE
DISTRICT COURT
LYN FRICKER

2016 MAY 12 AM 10 00

FILED BY _____
CLERK/DEPUTY

Lynn Fricker
106 - 4th Ave. E
Polson, MT 59860-2125
883-7254; 883-7343 fax

## IN THE TWENTIETH DISTRICT COURT
## OF LAKE COUNTY, STATE OF MONTANA

JOHN P. STOKES and PAMELA J.
STOKES. )
)
   Plaintiffs )   **ENTRY OF DEFAULT**
)
   vs )   Case No. DV-14-223
FIRST AMERICAN TITLE COMPANY )
OF MONTANA, INC. a Montana )
Corporation; and US BANK TRUST, N.A. )
As trustee for LSF8 MASTER )
PARTICIPATION TRUST )
)
   Defendant(s) )

Pursuant to the Request for Entry of Default filed herein, by Plaintiffs, JOHN P. STOKES and

PAMELA J.STOKES. and there being no appearance by or on behalf of the Defendants in

response to the Complaint within the time allowed by law, or at all, the Default of the Defendant

FIRST AMERICAN TITLE COMPANY OF MONTANA, INC. a Montana Corporation; and

LSF8 MASTER PARTICIPATION TRUST, DEFAULT is hereby entered.

Dated this _15th_ day of _May_ , 20_16_.

[SEAL: TWENTIETH JUDICIAL DISTRICT COURT LAKE COUNTY MONTANA]

Lynn Fricker, Clerk of District Court

BY: _____
Deputy Clerk



EXHIBIT #    5

Richard J. Samson
CHRISTIAN, SAMSON & JONES, PLLC
Attorneys at Law
310 W. Spruce St.
Missoula, Montana 59802
Telephone: (406) 721-7772
Fax: (406) 721-7776
E-mail: rjs@csjlaw.com
Attorney I.D. No.: 1904

Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| IN RE: | ) |
| | ) |
| **JOHN PATRICK STOKES,** | )    Case No. **09-60265-7** |
| | ) |
| | )    **NOTICE OF HEARING** |
| Debtor. | )    **Date: November 4, 2010** |
| | )    **Time: 9:00 a.m.** |
| | )    **Location: Russell Smith Federal** |
| | )    **Courthouse Building,** |
| | )    **Bankruptcy Courtroom,** |
| | )    **201 E. Broadway** |
| | )    **Missoula, Montana** |

### TRUSTEE'S OBJECTION TO PROOF OF CLAIM AND NOTICE OF HEARING

Pursuant to F.R.B.P. 3007 and Mont. LBR 3007-2, the undersigned Trustee respectfully

enters his objection to the Proof of Claim filed in the above-entitled case by HSBC Mortgage

Services ("HSBC"). The claim which is the subject of this objection is identified as Claim No. 1

on the Claims Register maintained in this case by the Clerk of the Bankruptcy Court. The

grounds for this objection are as follows:

      1.     The subject claim was filed by HSBC on March 20, 2009, in the total amount of

1

$255,800.94. The subject claim is designated as a secured claim and indicates that the collateral which provides security for the obligation is real estate.

2.     Attached to the claim filed by HSBC is a Deed of Trust dated July 13, 1998 in which the Debtor and his spouse are identified as the Grantors, Mark E. Noennig is identified as the trustee and WMC Mortgage Corp., is identified as the Beneficiary. The Debtor and his spouse executed the Deed of Trust on July 13, 1998. The Deed of Trust was recorded in Lake County, Montana, on July 17, 1998. The Deed of Trust relates to certain real property held in the name of the Debtor and his spouse located in Lake County, Montana. The Debtor and his spouse continue to reside on the subject real property.

3.     Also attached to the claim filed by HSBC is a Note, dated July 13, 1998. The principal amount of the Note is $199,500.00 and is in favor of WMC Mortgage Corp. The stated interest rate on the note is 11.4900%. The Note was executed by the Debtor and his spouse.

4.     Also attached to claim filed by HSBC is a single page with a stamped endorsement which states:   PAY TO THE ORDER OF

WITHOUT RECOURSE
WMC MORTGAGE CORP.

5.     The endorsement is signed by Jose A. Mina who is identified as the "Asst. Secretary". There is no date on the stamped endorsement. HSBC is not identified as the assignee of the Note from WMC Mortgage Corp.

6.     By filing its claim in this case, HSBC can be assumed to be taking the position that it is the holder of the Note initially executed in favor of WMC Mortgage Corp. In order to be the legal holder of the note, HSBC must show that it has transfer of possession of the note (*See*, M.C.A. § 30-3-204(2). Stated differently, HSBC must demonstrate that it is in physical

2

possession of the Note.

7.     Alternatively, HSBC must be able to demonstrate that the endorsement of the Note from WMC Mortgage Corp. specifically identifies HSBC as the assignee of the Note.  The endorsement attached to the claim is in blank and, thus, constitutes a "blank indorsement". (*See*, M.C.A. § 30-3-204(3).

8.     Under either of the above-identified scenarios, HSBC must be able to show that it is the current holder of the Note and has physical possession of the same.

9.     Until such time as HSBC can demonstrate that it has physical possession of the Note attached to its claim and is, thus, the Note holder, Trustee requests that the claim be disallowed.

WHEREFORE, based on the foregoing, the Trustee respectfully requests that Proof of Claim No. 1, filed in this case by HSBC Mortgage Services, be disallowed in its entirety.

DATED this 30th day of September, 2010.

CHRISTIAN, SAMSON & JONES, PLLC

By:   */s/ Richard J. Samson*
        Richard J. Samson
        Chapter 7 Trustee


## NOTICE OF HEARING

**A hearing on the TRUSTEE'S OBJECTION TO PROOF OF CLAIM will be held at the date, time and location set forth in the caption above, at which time you must appear and respond to such Objection.  If no response is timely made, the Court may grant the Objection as a failure to appear shall be deemed an admission that the Objection is valid and should be granted.**

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on the 30th day of September, 2010, a copy of the foregoing Trustee's Objection to Proof of Claim and Notice of Hearing was duly mailed by First Class Mail, postage prepaid or served via CM/ECF to the following:

Office of the U.S. Trustee
(Via ECF)

Edward A. Murphy
(Via ECF)

HSBC Mortgage Services
P. O. Box 21188
Eagan, MN  55121-4201

/s/ Richard J. Samson

4

Richard J. Samson
CHRISTIAN, SAMSON & JONES, PLLC
Attorneys at Law
310 W. Spruce
Missoula, Montana 59802
Telephone: (406) 721-7772
Fax: (406) 721-7776
E-mail: rjs@csjlaw.com
Attorney I.D. No.: 1904

Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MONTANA

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | |
| **JOHN PATRICK STOKES,** | ) | Case No. **09-60265-7** |
| | ) | |
| Debtor. | ) | |

## NOTICE OF WITHDRAWAL OF OBJECTION TO PROOF OF CLAIM

COMES NOW the Chapter 7 Trustee, Richard J. Samson, and hereby gives notice of the withdrawal of his Objection to the Proof of Claim of HSBC Mortgage Services, Inc., filed with the Court on September 30, 2010 (Docket No. 337). The withdrawal of the subject Objection to the Creditor's Proof of Claim is intended to be without prejudice and Trustee specifically reserves the right to reassert his objection at a subsequent time. No response to the pending Objection has been filed by the Creditor.

Dated this __3rd__ day of November, 2010.

CHRISTIAN, SAMSON & JONES, PLLC

By:__/s/ Richard J. Samson__
    Richard J. Samson
    Chapter 7 Trustee

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on the __3rd__ day of November, 2010, a copy of the foregoing **NOTICE OF WITHDRAWAL OF OBJECTION TO PROOF OF CLAIM** was duly mailed by First Class Mail, postage prepaid, at Missoula, Montana, or served via CM/ECF, to the following:

Office of the U.S. Trustee
(Via ECF)

Edward A. Murphy
(Via ECF)

Joe M. Lozano, Jr.
(Via ECF)

*/s/ Richard J. Samson*

EXHIBIT #   6

Edward A. Murphy
MURPHY LAW OFFICES, PLLC
P.O. Box 2639
Missoula, MT 59806
Phone: (406)728-2671
Fax: (866)705-2260
Email: rusty@murphylawoffices.net
Attorney No. 1108
Attorney for Debtor

## UNITED STATES BANKRUPTCY COURT

### DISTRICT OF MONTANA

In re:

JOHN PATRICK STOKES,

Debtor.

Case No. 09-60265
**Notice of Hearing**
**Date: December 6, 2012**
**Time: 10:00 a.m.**
**Place: Russell Smith Courthouse**
**Missoula, Montana**

### OBJECTION TO MOTION TO MODIFY STAY

Comes now the Debtor and objects to the motion to modify stay filed by Household

Finance Corp. II. There appears to have been an alteration in the endorsement on the note, and

there are other filings in this case that are inconsistent with the contention that the holder of the

note is Household Finance Corp. II. The endorsement on page 18 of the motion is different from

the endorsement of the same note which is attached to proof of claim no. 1, page 14. In the proof

of claim there is no indication of who it was endorsed to, but the proof of claim was filed by

HSBC Mortgage Services, so evidently it was claiming ownership of the note. The motion is

filed by Household Finance II and the endorsement has been changed, although what was added

was Household Finance Corp. III, not II. There is no evidence of an assignment from HSBC

Mortgage Services, which after all signed the proof of claim under penalty of presenting a false

claim, and Household Finance III or II or whatever.

On the basis of the record in this case the Court should deny the motion to modify stay.

Further, if there is any chance of negotiating a modification, it would be nice to know who

actually owns the note.

Dated this 3rd day of December, 2012.

MURPHY LAW OFFICES, PLLC

/s/Edward A. Murphy

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on the 3rd day of December, 2012, I served a true copy of the foregoing Objection to Motion to Modify Stay in the manner indicated on the following persons:

Jason Henderson
via ECF

/s/Edward A. Murphy

EXHIBIT # 


**CALIBER**
HOME LOANS

August 21, 2014

John and Pamela Stokes
12887 Raven Way
Bigfork MT 59911

Sent Via USPS#: *70140150000023667965*

Re:     Loan Number:     9802240094

Dear Mr. Stokes,

Caliber Home Loans, Inc. ("Caliber"), servicer of the above-referenced loan, provides this response to your letter received by Caliber on August 12, 2014, which was characterized as a Qualified Written Request ("QWR"), wherein you state this is your fourth (4) request to receive information regarding the fees, costs and escrow accounting on the loan.

## Loan Information

- The prior servicer was Household Finance, Inc.
- Caliber became the servicer of the loan on September 1, 2013.
- The loan is due for the May 1, 2009 and subsequent payments.
- The last payment received was on September 8, 2009.
- Due to the delinquency of the loan, the property was referred to foreclosure on February 10, 2014.
- A sale date has been set for October 10, 2014.

## Previous Requests

According to our records on January 2, 2014 we received correspondence from you, wherein you contended the title to the property was given to the clerk of the county per a Bankruptcy ruling. We responded to you as set forth in our correspondence dated February 5, 2014 (copy enclosed). Please note we have no record of receiving any other requests from you as stated in your correspondence.

## QWR Response

1. Please refer to the enclosed copy of your note, mortgage and assignments.
2. Our records indicate the loan originated with WMC Mortgage Corp. on July 13, 1998 with an original principal amount of $199,500.00.
3. The information sought in this request is proprietary information and will not be disclosed
4. The Investor of the loan is Vericrest Opportunity Lending Trust 2013 NPL5. The address is 2711 N. Haskell Avenue, Suite 1700 Dallas TX 75204.



CALIBER
HOME LOANS

John Stokes
8/21/14
Page 2

5. The information sought in this request is proprietary information and will not be disclosed. Please note the origination documents are held ant an off-site secured location with the respective custodian of records.
6. The information sought in this request is proprietary information and will not be disclosed. Please note the origination documents are held ant an off-site secured location with the respective custodian of records.
7. The information sought in this request is proprietary information and will not be disclosed. Please note the origination documents are held ant an off-site secured location with the respective custodian of records.
8. Caliber Home Loans is the servicer of your loan. Our address is 13801 Wireless Way Oklahoma City OK 73134. Our phone number is 1-800-401-6587
9. This loan is not registered with MERS
10. The information sought in this request is proprietary information and will not be disclosed.
11. Please refer to the enclosed copy of Assignments
12. Please refer to the enclosed payment history.
13. Please refer to the enclosed fee breakdown.
14. Our records indicate the loan does not have an escrow account included.
15. Yes.
16. Please refer to the enclosed fee breakdown for your loan. The request for the relation of the insurance company to Caliber, the amount of commission received for each force-placed insurance event is proprietary information and will not be disclosed.
17. Please refer to the enclosed payment history.
18. Please refer to the enclosed fee breakdown.
19. Please refer to the enclosed copy of your Note Page 3 paragraph 7 titled "Protection of Lender's Rights".
20. Property inspections are proprietary information and will not be provided.
21. Please refer to the enclosed payment history.
22. Please refer to the enclosed payment history.
23. According to our records there have been no modifications executed on the loan.
24. Please refer to the enclosed payoff quote good for 30 days.
25. Please refer to the enclosed letters.
26. The information sought in this request does not appear to relate to any allegations regarding errors in the loan or to concerns set forth in your complaint.
27. The information sought in this request does not appear to relate to any allegations regarding errors in the loan or to concerns set forth in your complaint.

EXHIBIT # 

  

September 3, 2014

Mike Palzes
Montana Department of Justice
Attorney General's Office
Department of Consumer Protection & Victim Services
2225 11th Avenue
Helena, MT 59620-0151

*Via Facsimile # (406)442-2174*

RE:    Borrower: John Stokes
       Account Number: 1938851

Dear Mr. Palzes:

Thank you for the opportunity to respond to the inquiry submitted to your office by John Stokes, which Household Finance Corporation II (HFC) received on August 18, 2014. We reviewed the concerns set forth in Mr. Stokes' correspondence regarding the "cancellation of mortgage" and further detail of our response is indicated below.

After a thorough review, our records indicate that on March 4, 2009, Mr. Stokes filed a Chapter 13 Bankruptcy, which was converted into a Chapter 7 Bankruptcy. Our records reflect that Mr. Stokes filed an Adversary Case # 11-00009; that included HSBC; however, claims against HSBC were dismissed on July 25, 2011. For your review, we have enclosed Bankruptcy Court document dated July 25, 2011.

In review of the enclosed settlement document provided by Mr. Stokes, HSBC is not listed as part of the settlement agreement; therefore, Mr. Stokes was discharged from the repayment of his debt with HSBC; however, we held a valid lien that was transferrable.

EXHIBIT #     9

JOHN P STOKES
PAMELA J STOKES
12887 RAVEN WAY
BIGFORK MT 59911-7346

# NOTICE OF SALE OF OWNERSHIP OF MORTGAGE LOAN

Under federal law, borrowers are required to be notified in writing whenever ownership of a mortgage loan secured by their principal dwelling is sold, transferred or assigned (collectively, "sold") to a new owner. This Notice is to inform you that the prior owner has sold your loan (described below) to LSF8 Master Participation Trust, the new owner on August 01, 2013. The assignment, sale or transfer of the mortgage loan does not affect any term or condition of the mortgage instruments or the servicing of your mortgage loan.

NOTE: While LSF8 Master Participation Trust now owns your loan, it is not the servicer of your loan. The servicer (identified below) acts on the new owner's behalf to handle the ongoing administration of your loan, including the collection of mortgage payments. Please continue to send your mortgage payments as directed by the servicer, and NOT to the new owner. Payments sent to the new owner and not to the servicer may result in late charges and your account becoming past due. Neither the new owner nor the servicer is responsible for late charges or other consequences of any misdirected payment. If the servicing of your mortgage loan is transferred, you will receive a separate notice as required by law.

Should you have any questions regarding your loan, please contact the servicer using the contact information below. The servicer is authorized to handle routine inquiries and requests regarding your loan and, if necessary, to inform us of your request and communicate to you any decision with respect to such request.

### LOAN INFORMATION
Date of Loan:   July 13, 1998
Account Number: 9802240094
Original Amount of Loan: $199,500.00
Date Your Loan was Sold to the New Owner: August 01, 2013
Address of Mortgaged Property: 820 RED OWL ROAD, BIGFORK MT 59911

### SERVICER INFORMATION
Name: Caliber Home Loans, Inc.
Payment Mailing Address:  P.O.Box 24330, Oklahoma City, OK 73134

Correspondence Address: 13801 Wireless Way, Oklahoma City, OK 73134
Telephone Number (Toll free): 1-800-401-6587
Business Hours: 8:00 a.m. - 6:00 p.m., Central Time, Monday through Friday
Website: www.caliberhomeloans.com

### NEW OWNER INFORMATION
Name: LSF8 Master Participation Trust
Mailing Address (not for payments): c/o Caliber Home Loans, Inc., as Servicer, 13801 Wireless Way, Oklahoma City, OK 73134
Telephone Number (Toll free): 1-888-248-5075

The transfer of the lien associated with your loan is currently recorded, or in the future may be recorded, in the public records of the local County Recorder's office for the county where your property is located. If checked ☒, ownership of your loan may also be recorded on the registry of the Mortgage Electronic Registrations System at 1818 Library Street, Suite 300, Reston, VA 20190.

EXHIBIT #



534729 SUB OF    Pages: 2
STATE OF MONTANA LAKE COUNTY
RECORDED: 04/22/2014 11:15   KOI: SUB OF TRU
PAULA A HOLLE   CLERK AND RECORDER
FEE: $14.00     BY: _Wanda R. Root, Dep._
TO: ,

RECORDING REQUESTED BY:

WHEN RECORDED MAIL TO:

TRUSTEE CORPS
17100 Gillette Ave
Irvine, CA 92614

---

Trustee Sale No. MT08000001-14-1     APN 13118            Title Order No. 8408186
Commonly known as: 820 RED OWL ROAD, BIGFORK, MT 59911

## APPOINTMENT OF SUCCESSOR TRUSTEE

WHEREAS, John P. Stokes and Pamela J. Stokes was the original Trustor(s), Mark E. Noennig was the original Trustee and WMC Mortgage Corp. was the original Beneficiary under that certain Deed of Trust dated July 13, 1998 and recorded on July 17, 1998 as Instrument No. 391599, of official records in the Office of the Recorder of Lake County, Montana. The Deed of Trust encumbers real property more particularly described as follows:

THE NORTH HALF OF THE SOUTHWEST QUARTER OF THE SOUTHEAST QUARTER (N1/2 SW1/4 SE1/4) OF SECTION 12, TOWNSHIP 26 NORTH, RANGE 19, WEST, P.M.M., LAKE COUNTY, MONTANA. SUBJECT TO AND TOGETHER WITH A 60-FOOT PRIVATE ROAD AND UTILITY EASEMENT WITH A 50-FEET RADIUS CUL-DE-SAC AS INCLUDED ON CERTIFICATE OF SURVEY NUMBER 5068.

WHEREAS, the undersigned current Beneficiary, desires to appoint a Successor Trustee under said Deed of Trust in place of and instead of said original Trustee, or Successor Trustee, thereunder in the manner in said Deed of Trust provided;

**534729**

NOW THEREFORE, LSF8 Master Participation Trust hereby appoints **MTC Financial Inc. dba Trustee Corps**, whose address is 17100 Gillette Ave, Irvine, CA 92614, as Successor Trustee under said Deed of Trust.

Dated: _4-11-14_

**LSF8 Master Participation Trust by Caliber Home Loans, Inc., solely in its capacity as servicer**

By: _____

**Jason Origer**
**Ass't Vice President**

STATE OF _California_
COUNTY OF _San Diego_

On _April 11, 2014_, before me, _Eila Torres_ _____, Notary Public,
personally appeared _Jason Origer_ _____ who proved to me on the basis of
satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and
acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and
that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the
person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of _California_
that the foregoing paragraph is true and correct.

WITNESS my hand and official seal

_____
Notary Public.

EVA TORRES
Commission # 2057895
Notary Public - California
San Diego County
My Comm. Expires Feb 14, 2018

EXHIBIT # 11



**CALIBER HOME LOANS**

P.O. Box 24610
Oklahoma City, OK 73124-0610

August 22, 2014

JOHN P STOKES  PAMELA J STOKES
12887 RAVEN WAY
BIGFORK        MT 59911-7346

Re:   Caliber Account Number:     9802240094
      Borrower(s):                JOHN P STOKES
                                  PAMELA J STOKES

In accordance with Section 6 of the Real Estate Settlement Procedures Act ("RESPA"), this letter is being provided to acknowledge the receipt of your correspondence dated August 22, 2014. Caliber Home Loans, Inc. ("Caliber"), the mortgage servicer of the above-referenced loan, will perform the necessary research and respond within the time period required by law.

If you have any questions with regard to the above-referenced loan prior to receiving our response, please contact us at 800-401-6587. Our hours of operation are 8:00 a.m. to 7:00 p.m., Central Time, Monday through Friday.

Sincerely,

Complaint Resolution
Customer Service Department
Caliber Home Loans, Inc.

THIS IS AN ATTEMPT BY A DEBT COLLECTOR TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Notice to Consumers presently in Bankruptcy or who have a Bankruptcy Discharge: If you are a debtor presently subject to a proceeding in Bankruptcy Court, or if you have previously been discharged from this debt by a Federal Bankruptcy Court, this communication is not an attempt to collect a debt but is sent for informational purposes only or to satisfy certain Federal or State legal obligations.

EXHIBIT # 9  12

| Account Number | Note Date | Note Time | Note Sequence Number | Tran Code | Teller | Note Area | Note |
|---|---|---|---|---|---|---|---|
| 9802240094 | 5/20/2015 | 1343 | 1 | DM | 25644 | | CONTACT WITH CUSTOMER CHANGED TO P |
| 9802240094 | 5/20/2015 | 1343 | 2 | DM | 25644 | | IBC/QA/SPOKE TO :JOHN P STOKES- IS WANTING TO |
| 9802240094 | 5/20/2015 | 1343 | 3 | DM | 25644 | | RECEIVE A COPY OF TITTLE REPORT EMAIL TO: |
| 9802240094 | 5/20/2015 | 1343 | 4 | DM | 25644 | | STOKES@Z600.COM ALSO VIA MAIL. H/O GOT UPSET AND |
| 9802240094 | 5/20/2015 | 1343 | 5 | DM | 25644 | | IS REQUESTING TO  HAVE INFO EMAIL TO HIM ASAP. |
| 9802240094 | 5/20/2015 | 1343 | 6 | DM | 25644 | | APOLOGIZED AND EXPLAINED THAT IT IS A PROCESS - |
| 9802240094 | 5/20/2015 | 1343 | 7 | DM | 25644 | | ASKED TO HAVE  CALL ESCALATED. |
| 9802240094 | 5/20/2015 | 1343 | 8 | DM | 25644 | | ACTION/RESULT CD CHANGED FROM CCUP TO CCUP |
| 9802240094 | 5/19/2015 | 1017 | 1 | CIT | 24871 | ACQ05 | D17 Mark Evans;4066440449S;Bozeman City, MT;LawSuit |
| 9802240094 | 5/19/2015 | 1017 | 2 | CIT | 24871 | ACQ05 | Bankruptcy |
| 9802240094 | 5/19/2015 | 1016 | 1 | NT | 24871 | SPOC | IBC 4068372283  John Stokes/B1 VDEMOS Mr adv |
| 9802240094 | 5/19/2015 | 1016 | 2 | NT | 24871 | SPOC | pending lawsuit w/ CHL Mr disputes in Mr adv 2x |
| 9802240094 | 5/19/2015 | 1016 | 3 | NT | 24871 | SPOC | prior bk w/ prior svr result in CO/Injunction 3x |
| 9802240094 | 5/19/2015 | 1016 | 4 | NT | 24871 | SPOC | false assignment force sl under 363F complt 2012 |
| 9802240094 | 5/19/2015 | 1016 | 5 | NT | 24871 | SPOC | Mr adv rep by Mark Evan Esq Bozeman MT 406 |
| 9802240094 | 5/19/2015 | 1016 | 6 | NT | 24871 | SPOC | 640-4495 adv Mr fcl on hld recv title clr 5/16 hld |
| 9802240094 | 5/19/2015 | 1016 | 7 | NT | 24871 | SPOC | 3 day adv Mr need to route to S&A/repurchase legal |
| 9802240094 | 5/19/2015 | 1016 | 8 | NT | 24871 | SPOC | etc conf w/ Mr loan acq'd Sept 2013 typically sent |
| 9802240094 | 5/19/2015 | 1016 | 9 | NT | 24871 | SPOC | complaint inbox for disputes... |
| 9802240094 | 5/19/2015 | 1016 | 10 | DM | 24871 | | CONTACT WITH CUSTOMER CHANGED TO P |
| 9802240094 | 5/19/2015 | 1016 | 11 | DM | 24871 | | IBC 4068372283  JOHN STOKES/81 VDEMOS MR CLD ADV |
| 9802240094 | 5/19/2015 | 1016 | 12 | DM | 24871 | | PENDING LAWSUIT W/ CHL MR DISPUTES LN MR ADV 2X |
| 9802240094 | 5/19/2015 | 1016 | 13 | DM | 24871 | | PRIOR BK W/ PRIOR SVR RESULT IN CO/INJUNCTION 3X |
| 9802240094 | 5/19/2015 | 1016 | 14 | DM | 24871 | | FALSE ASSIGNMENT FORCE SL UNDER 363F COMPLT 2012 |
| 9802240094 | 5/19/2015 | 1016 | 15 | DM | 24871 | | MR ADV REP BY MARK EVAN ESQ BOZEMAN MT 406 |
| 9802240094 | 5/19/2015 | 1016 | 16 | DM | 24871 | | 640-4495 ADV MR FCL ON HLD RECV TITLE CLR 5/16 HLD |
| 9802240094 | 5/19/2015 | 1016 | 17 | DM | 24871 | | ACTION/RESULT CD CHANGED FROM TRNA TO CCUP |
| 9802240094 | 4/30/2015 | 1834 | 1 | DM | 24966 | | CONTACT WITH CUSTOMER CHANGED TO N |
| 9802240094 | 4/30/2015 | 1834 | 2 | DM | 24966 | | O/B DIALER CALL  NO ANSWER |
| 9802240094 | 4/30/2015 | 1834 | 3 | DM | 24966 | | ACTION/RESULT CD CHANGED FROM CCUP TO TRNA |
| 9802240094 | 4/30/2015 | 1001 | 1 | NT | 5904 | SCRA | Autocheck SCRA - Not Active Duty: No further data |
| 9802240094 | 4/28/2015 | 2300 | 1 | FOR | 500 | | 04/27/15 - 17:28 - 36036 |
| 9802240094 | 4/28/2015 | 2300 | 2 | FOR | 500 | | A fees and costs Response Comment |
| 9802240094 | 4/28/2015 | 2300 | 3 | FOR | 500 | | has been completed for this loan by |
| 9802240094 | 4/28/2015 | 2300 | 4 | FOR | 500 | | Josie Zahn |
| 9802240094 | 4/28/2015 | 2300 | 5 | FOR | 500 | | 04/27/15 - 17:28 - 36036 |
| 9802240094 | 4/28/2015 | 2300 | 6 | FOR | 500 | | Fees and costs response:  Good |
| 9802240094 | 4/28/2015 | 2300 | 7 | FOR | 500 | | Through:5/22/2015 Fees: 750.00 |



| Account Number | Note Date | Note Time | Note Sequence Number | Tran Code | Teller | Note Area | Note |
|---|---|---|---|---|---|---|---|
| 9802240094 | 9/13/2013 | 2300 | 2 | BKR | 500 | | her Legal Action. Issue Comments: |
| 9802240094 | 9/13/2013 | 2300 | 3 | BKR | 500 | | Please close out the TOC process as |
| 9802240094 | 9/13/2013 | 2300 | 4 | BKR | 500 | | this is a chap 7 Status: Active |
| 9802240094 | 9/13/2013 | 2300 | 5 | BKR | 500 | | 09/13/13 - 14:13 - 30139 |
| 9802240094 | 9/13/2013 | 2300 | 6 | BKR | 500 | | System updated for the following |
| 9802240094 | 9/13/2013 | 2300 | 7 | BKR | 500 | | event: User has created a |
| 9802240094 | 9/13/2013 | 2300 | 8 | BKR | 500 | | Process-Level issue for this |
| 9802240094 | 9/13/2013 | 2300 | 9 | BKR | 500 | | loan.Issue Type: BK Action Stop T Ot |
| 9802240094 | 9/13/2013 | 2300 | 10 | BKR | 500 | | 09/13/13 - 14:59 - 00000 |
| 9802240094 | 9/13/2013 | 2300 | 11 | BKR | 500 | | System updated for the following |
| 9802240094 | 9/13/2013 | 2300 | 12 | BKR | 500 | | event: User has updated a |
| 9802240094 | 9/13/2013 | 2300 | 13 | BKR | 500 | | Process-Level issue for this loan. |
| 9802240094 | 9/13/2013 | 2300 | 14 | BKR | 500 | | Issue updated to: Issue Type: BK Act |
| 9802240094 | 9/13/2013 | 2300 | 15 | BKR | 500 | | 09/13/13 - 14:59 - 00000 |
| 9802240094 | 9/13/2013 | 2300 | 16 | BKR | 500 | | Ion Stop - POC/Plan Review/Reaff. |
| 9802240094 | 9/13/2013 | 2300 | 17 | BKR | 500 | | Issue Comments: Please close out |
| 9802240094 | 9/13/2013 | 2300 | 18 | BKR | 500 | | the TOC process as this is a chap 7 |
| 9802240094 | 9/13/2013 | 2300 | 19 | BKR | 500 | | Status: Active |
| 9802240094 | 9/12/2013 | 2301 | 1 | BKR | 500 | | 09/12/13 - 14:05 - 28783 |
| 9802240094 | 9/12/2013 | 2301 | 2 | BKR | 500 | | tion 1:: :  Active Action 1 |
| 9802240094 | 9/12/2013 | 2301 | 3 | BKR | 500 | | Attorney:: :  Active Action 1 |
| 9802240094 | 9/12/2013 | 2301 | 4 | BKR | 500 | | Original referred date:: :  Active |
| 9802240094 | 9/12/2013 | 2301 | 5 | BKR | 500 | | Action 2:: : |
| 9802240094 | 9/12/2013 | 2301 | 6 | BKR | 500 | | 09/12/13 - 14:05 - 28783 |
| 9802240094 | 9/12/2013 | 2301 | 7 | BKR | 500 | | urt  TOC Filed date, if available:: |
| 9802240094 | 9/12/2013 | 2301 | 8 | BKR | 500 | | :  Plan Reviewed? : : Yes |
| 9802240094 | 9/12/2013 | 2301 | 9 | BKR | 500 | | Reaffirmation Filed?: : N/A  Are |
| 9802240094 | 9/12/2013 | 2301 | 10 | BKR | 500 | | any actions active?: : No  Active Ac |
| 9802240094 | 9/12/2013 | 2301 | 11 | BKR | 500 | | 09/12/13 - 14:05 - 28783 |
| 9802240094 | 9/12/2013 | 2301 | 12 | BKR | 500 | | False  POC Filed by prior |
| 9802240094 | 9/12/2013 | 2301 | 13 | BKR | 500 | | servicer?: : Yes  If POC was filed |
| 9802240094 | 9/12/2013 | 2301 | 14 | BKR | 500 | | by prior servicer, was a TOC |
| 9802240094 | 9/12/2013 | 2301 | 15 | BKR | 500 | | filed?: : No, TOC request sent to co |
| 9802240094 | 9/12/2013 | 2301 | 16 | BKR | 500 | | 09/12/13 - 14:05 - 28783 |
| 9802240094 | 9/12/2013 | 2301 | 17 | BKR | 500 | | User has completed the |
| 9802240094 | 9/12/2013 | 2301 | 18 | BKR | 500 | | Acquisition_info data form with the |
| 9802240094 | 9/12/2013 | 2301 | 19 | BKR | 500 | | following entries:  Is Acquisition |
| 9802240094 | 9/12/2013 | 2301 | 20 | BKR | 500 | | date greater than BK Filing date?: : |

CALIBER HOME LOANS

.Servicing Notes

EXHIBIT # 

13

PAY TO THE ORDER OF
WITHOUT RECOURSE
WMC MORTGAGE CORP.

X

JOSE A. MINA          ASST. SECRETARY

PAY TO THE ORDER OF
Household Finance Corp III
WITHOUT RECOURSE.
WMC MORTGAGE CORP

JODEE MINA                    ASST SECRETARY

PAY TO THE ORDER OF

WITHOUT RECOURSE
WMC MORTGAGE CORP.

X _____

JOSE A. MINA          ASST. SECRETARY

PAY TO THE ORDER OF
 *
WITHOUT RECOURSE
WMC MORTGAGE CORP.

X _____    _____
      MARK A. MINA                      ASST SECRETARY

 *  Household Finance Corporation II

EXHIBIT #  14

Loan Number: 1938851

### LOST NOTE AFFIDAVIT
### AND INDEMNITY AGREEMENT

STATE OF Illinois

COUNTY OF DuPage

James Hartigan being duly sworn, deposes and says:

1.  I am the Vice President of Household Finance Corp. III ("Mortgage") which is the holder of a certain mortgage note dated July 13, 1998, from WMC Mortgage Corp. in the original principal amount of $199,500.00, in favor of John P. Stokes and Pamela J. Stokes (the "Note") and the mortgage of even date therewith from John P. Stokes and Pamela J. Stokes to the Mortgagee securing the Note and encumbering premises known as:

[Property Address]      820 Red Owl Road
                        Bigfork, Montana 59911

2.  The original Note has been inadvertently lost or misplaced by Mortgagee. The Note has not been sold, assigned, encumbered, or otherwise pledged by Mortgagee.

3.  Mortgagee will indemnify and hold _____ its affiliates, successors or assigns ("Assignee"), harmless from and against any and all claims, losses, damages, costs and expenses, including, without limitation, reasonable attorney's fees and costs arising from, out of, related to, or caused by the loss of the Note or any interest therein claimed by any person in possession of the original Note.

4.  The undersigned officer of Mortgagee represents and warrants that he/she is duly authorized to execute this instrument on behalf of Mortgagee and that such instrument is binding upon and enforceable against Mortgagee.

                        Household Finance Corp. III

Date: 03/05/03          By: James Hartigan

                        Its: Vice President

STATE OF Illinois

COUNTY OF DuPage ss.

On 03/05/03, before me personally appeared James Hartigan to me known, who being by me duly sworn, did depose and say: that he/she is the Vice President of Household Finance Corp. III, the corporation described in and which executed the foregoing instrument; that he/she signed his/her name thereto by the authority invested in him/her by the Board of Directors of said corporation.

Expires on:             Irma Saldano
09/25/05                Notary Public

OFFICIAL SEAL
IRMA SALDANO
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 9-25-2005

EXHIBIT #

# CONTRA COSTA COUNTY

## CALIFORNIA

### AFFIDAVIT

I, the undersigned, having been first sworn, do depose and state as follows:

My name is Jose Antonio Mina.

1. I, Jose Mina, was an employee of WMC Mortgage Corp. from 1998-2000. As an employee of WMC Mortgage Corp., I had limited signing authority, as Asst. Secretary, primarily for blank endorsements on original Notes. These blank endorsements were necessary to facilitate the sale of WMC originated loans to the Secondary Market.

2. Please note however, that there can only be one WMC blank endorsement on the Note at a time. If a Note was endorsed incorrectly, WMC would have voided the endorsement, have it initialed then put on a new stamp.

3. Any purported signature of mine after the year 2000 is not my signature and was not authorized by me!

FURTHER AFFIANT SAYETH NOT:

Jose Antonio Mina

Sworn to and subscribed before this _____ day of June, 2017.

SEE ATTACHED
NOTARY DOCUMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of Contra Costa

Subscribed and sworn to (or affirmed) before me on this 11th day of July _____, 20 17, by _____
Jose Antonio Mina
,
proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

KAREN MCINNIS
Commission # 2063285
Notary Public - California
Contra Costa County
My Comm. Expires Sep 26, 2018

(Seal)                            Signature _____

EXHIBIT # 16

coie

July 26, 2018

Ofunne N. Edoziem
OEdoziem@perkinscoie.com
D. +1.310.788.3204
F. +1.310.843.1279

*VIA FEDERAL EXPRESS AND EMAIL*

Mr. John Stokes
12887 Raven Way
Bigfork, Montana 59911
stokes@z600.com

Re:     *John P. Stokes, et al. v. First American Title Company of Montana, et al.*;
      **U.S. Supreme Court Case No. 17-8913**
      **Loan Number:    9802240094**
      **Property Addresses: 820 Red Owl Road, Bigfork, Montana 59911**
                            **12887 Raven Way, Bigfork, Montana 59911**

Dear Mr. and Mrs. Stokes:

Thank you for your offer of settlement for a reverse mortgage. My client has considered it and cannot accept the terms. However, my client would like to continue settlement discussions, so we welcome further offers. If you are willing to reconsider your refusal to negotiate a cash for keys offer of settlement, please let us know as soon as possible.

Very truly yours,


Ofunne N. Edoziem

ONE

Bk filed on July 15, 2018

140699800.1

John P. Stokes
Debtor                              Case # 18-60681

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify under penalty of perjury that on the 5th day of September ,
2018, a copy OBJECTION TO MOTION TO MODIFY STAY, DEBTORS CLAIM FOR
ACTUAL AND PUNITIVE DAMAGES, DAMAGES FOR VIOLATION OF AUTOMATIC
STAY, ACTUAL AND PUNITIVE, DAMAGES FOR ATTORNEY DECEPTION UPON THE
COURT AGAINST JASON HENDERSON and ERICA PETERMAN.

   of the foregoing was sent by First Class Mail postage prepaid.

   Clerk of Court 400 N Main St, Butte, MT 59701

   Jason Henderson via email: jhenderson@mackoff.com
   Trustee Kathleen McCallister via email: <kam@kam13trustee.com>
   Teresa G.Whitney Montana Department of Revenue via email: twhitney@mt.gov

John P. Stokes

[Must comply with Mont. LBR 9013-1(d)(2), by reflecting the name and address of each party
served, and by being signed "under penalty of perjury" and by identifying the document served.
All creditors and any parties requesting special notice should be served with this document.]

Exhibit Two

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF MONTANA

| In re: | Case No 18-60681 |
|---|---|
| **JOHN STOKES DEBTOR** | JUDICIAL NOTICE OF FORGED FABRICATED PROOF OF CLAIMS AND ASSIGNMENTS, UNTRUTHFUL ASSIGNMENT OF NOTE AND TRUST DEED, FRUADULENT TRUSTEE SALE. |

JUDICIAL NOTICE OF FORGED FABRICATED PROOF OF CLAIMS AND
ASSIGNMENTS, UNTRUTHFUL ASSIGNMENT OF NOTE AND TRUST DEED,
FRUADULENT TRUSTEE SALE.

Comes now the Debtor John Stokes and files this JUDICIAL NOTICE OF FORGED

FABRICATED PROOF OF CLAIMS AND ASSIGNMENTS, UNTRUTHFUL ASSIGNMENT OF

NOTE AND TRUST DEED, FRUADULENT TRUSTEE SALE.

LSF 8 Exhibit #2 submitted September 12, is at complete odds with Proof of Claim and copy of

Note with blank endorsement submitted 03/20/2009, claim 1-1 case # 09-60265, submitted under penalty

of perjury and felon by HSBC. (Stokes exhibit 13) enderson

HSBC was given opportunity to produce the original. HSBC defaulted and failed to do so. The lien was disallowed. The property was sold to Pamela Stokes under the 11 USC 363 (f) motion of Trustee.

Jason Henderson Representing Household Finance II, submitted a "new" Proof of Claim filed on 11/14/2012 as the one and only original note with assignment from WMC Mortgage Corp, assigned to HOUSEHOLD FINANCE CORP III. Under penalty of perjury and felon.(Stokes exhibit 13) When challenged to produce HFC II defaulted and failed to answer. The HFC II and HFC III lien was disallowed and bankruptcy closed and Stokes was discharged.

At no time has HFC III assigned the note to HFC II.

LSF 8 exhibit #3, Assignment of Mortgage and Deed dated September 19, 2013 from Household Finance Corp II. is a falsehood. HFC III has never assigned the Note to HFC II. HFC II had no note to assign. Per submission by Jason Henderson on 11/14/2012 the Note was held by Household Finance III and no others.

LSF 8 exhibit # 4 Substitution of Trustee is a falsehood. LSF 8 was not the beneficiary as HFC III the owner of the note did not assign to LSF 8 or anyone. Exhibit #4 is part of the scheme to conduct an unlawful Trustee Sale and Deed.

Pamela Stokes, wife then filed a Chapter 13 bankruptcy.

LSF 8 submitted a Proof of Claim the same disallowed "blank" endorsement note. (Stokes exhibit 13) swearing under penalty of perjury they possessed the original note. The Proof of Claim BK Case # 14-61170. Pamela Stokes objected and hearing was set for April 16, 2015. On date of hearing, or before LSF 8, assigned the blank endorsed back to HFCII. And no longer possessed any interest alleged or otherwise. See Stokes exhibit 13, * Household Finance Corporation II. LSF 8 has had no standing whatsoever after that date and endorsing the "blank Note" to HFC II.

of Claim BK Case # 14-61170. Pamela Stokes objected and hearing was set for April 16, 2015. On date of hearing, or before LSF 8, assigned the blank endorsed back to HFCII. And no longer possessed any interest alleged or otherwise. See Stokes exhibit 13, * Household Finance Corporation II. LSF 8 has had no standing whatsoever after that date and endorsing the "blank Note" to HFC II.

On March 9, 2016 LSF 8 caused to be recorded a Notice of Trustee Sale set for July 19, 2016. LSF 8 was not the beneficiary.

Stokes's filed a civil Complaint in Lake County, District Court, Montana DV-14-223 October 7, 20106., for mortgage fraud among other allegation. LSF 8 defaulted, and by default after one and half years after service with no answer Stokes obtained Defaults valued at $4,600,000.00.

John Stokes filed bankruptcy to stay sale and collect the $4,600,000.00 asset and distribute to creditors.

On August 10, 2016 after knowledge of bankruptcy LSF 8, LSF 8 and others violated 11 362 a and attended District Court to remove assets from the estate for their benefit and no others without leave of the bankruptcy court.

On August 18, 2016 LSF 8 conducted a Trustee sale with full knowledge they had assigned the note back to HFC II on or before April 16, 2015, BK # 14-61170 and had no interest whatso every under the previous documents submitted under penalty of perjury and felony.

Based upon the facts and undisputed, false and fabricated Proof of Claims and assignments and unlawful Trustee sale , Stokes should be awarded all relief requested and appropriate punitive damages as determined by the Court.

Respectfully submitted

November 9, 2018

John Stokes

06 -   403731   H4-9PC

After Recording Return To:

PEELLE MANAGEMENT CORPORATION
ASSIGNMENT JOB #90578
P.O. BOX 1710
CAMPBELL, CA 95009-1710
1-408-866-6868

Prepared by: CHERYL A ROBERTS

WMC MORTGAGE CORP.
Attn: TR-59
P.O.BOX 54089
LOS ANGELES, CA 90054-9984

WMC No. _____
Inv. Loan No. _____
Commit. No. ____0____
Tax ID No. _____

Note: This assignment should be kept with the Note and Deed of Trust hereby assigned.

## Assignment of Deed of Trust  25 - 047

For Valuable Consideration, WMC MORTGAGE CORP.
P.O. BOX 54089, LOS ANGELES, CA 90054

hereby grants, assigns, and transfers to:  Household Finance Corporation II
577 Lamont Road, Elmhurst, IL 60126

all beneficial interest under that certain Deed of Trust in the amount of $ 199,500.00 ,
dated  JULY 13, 1998          executed by _____
JOHN P. STOKES AND PAMELA J. STOKES

as Trustor, to  MARK E. NOENNIG

as Trustee, and recorded on  July 17, 1998 , in Roll _____,
at Page _____ / as Document #  391599          of Official
Records, in the office of the Recorder of  LAKE               . County,
MONTANA, together with the Promissory Note secured by said Deed of Trust and also all
rights accrued or to accrue under said Deed of Trust.

Property Address:
820 RED OWL ROAD
BIGFORK, MT 59911
Lot _____  Block _____
Section _____

Dated:  JULY 21, 1998

WMC MORTGAGE CORP.

ANNIE MARANDJIAN, Assistant Secretary

State of California        SS
County of Los Angeles      SS

On,  JULY 21, 1998          before me the undersigned, a Notary Public in and for said State,
personally appeared  ANNIE MARANDJIAN     , Assistant Secretary, personally known to me
(or proved to me on the basis of satisfactory evidence) to be the person who executed the within
instrument on behalf of the Corporation, and acknowledged to me that such Corporation executed
the within instrument pursuant to its By-laws or a Resolution of its Board of Directors.
     WITNESS my hand and official seal:

IVONNE L ROA
Commission # 1168535
Notary Public - California
Los Angeles County
My Comm. Expires Jan 10, 2002

Notary Public in and for said County and State
_____
(3/97)

STATE OF MONTANA: COUNTY OF LAKE

Recorded At 11:31 O'Clock  A. M.   OCT 28 1999
Microfilm  403731  RUTH E. HODGES Recorder
Fees $ 6.00  By  Vicki Vielue Deputy

EXHIBIT

tabbies®

2

531849 ASSIGN       ge*: 2
STATE OF MONTANA LAKE COUNTY
RECORDED: 10/21/2013  1:32  KOI: ASSIGN
PAULA A HOLLE   CLERK AND RECORDER
FEE: $14.00       BY: _Danni R Bush, Dep._
TO:  ,

When Recorded Return to:
T.D. Service Company
4000 W. Metropolitan Dr., Suite 400
Orange, CA 92868
RECORDING REQUESTED BY AND
~~WHEN RECORDED RETURN TO:~~
CALIBER HOME LOANS
13801 Wireless Way
Oklahoma City, OK 73134

Prepared By:   **Sydney Smith**
Loan Number:
MERS Min::
Parcel ID::     —

Space Above This Line For Recorder's Use      169

## ASSIGNMENT OF MORTGAGE/DEED OF TRUST

FOR VALUE RECEIVED, the undersigned **HOUSEHOLD FINANCE CORPORATION II** whose address is 13801 WIRELESS WAY, OKLAHOMA CITY, OK  73134, hereby grants, assigns and transfers to **LSF8 MASTER PARTICIPATION TRUST** whose address is 13801 WIRELESS WAY, OKLAHOMA CITY, OK 73134 all beneficial interest under that certain mortgage/Deed of Trust/Security Deed dated 7/13/1998 executed by **JOHN P STOKES AND and PAMELA J STOKES** to WMC MORTGAGE CORP. in the amount of $199,500.00 and recorded on 7/17/1998 as Instrument # 391599, in Book/Volume or Liber No. — , Page/folio – of Official Records in the County Recorder's office of LAKE County, MT, describing land herein as: 'SEE ATTACHED 'EXHIBIT A'

Property Address:     **820 RED OWL ROAD, BIGFORK MT  59911**

TOGETHER with the note or notes therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under said mortgage/Deed of Trust/Security Deed.

Dated this 19th day of September of 2013

Witness #1   Sydney Smith

Witness #2   Debbie Elliott

County of Oklahoma )
State of Oklahoma )

**HOUSEHOLD FINANCE CORPORATION II, BY CALIBER HOME LOANS, INC., AS ATTORNEY IN FACT**

By:    **Mindi Hernandez**
Title:   **Authorized Signatory**

On September 19, 2013 before me, B. Coulter, a Notary Public in and for Oklahoma County, in the State of Oklahoma, personally appeared, **Mindi Hernandez**, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity, and that by his/her/their signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

Witness my hand official seal,

_B. Coulter_

Notary Name:    B. Coulter

My Commission Expires:    5/14/2016



B. COULTER
Notary Public
State of Oklahoma
Commission # 12004612 Expires 06/14/16

EXHIBIT
3

**531849**                    **391599**

The land referred to in this policy is situated in the State of Montana, County of Lake and is described as follows:

The North Half of the Southwest Quarter of the Southeast Quarter (N1/2SW1/4SE1/4) of Section 12, Township 26 North, Range 19 West, P.M.M., Lake County, Montana.

SUBJECT TO and together with a 60-foot private road and utility easement with a 30-foot radius cul-de-sac as indicated on Certificate of Survey Number 5068.

*END*

STATE OF MONTANA, COUNTY OF LAKE
Recorded 06/25/2015 03:07
Microfilm 542084 Paula A. Holle Recorder
Fees $42.00 by WR Deputy

After Recording Return To:
Mackoff Kellogg Law Firm
Attention: MT Foreclosure Department
38 2nd Ave East
Dickinson, ND 58601

## SUBSTITUTION OF TRUSTEE

KNOWN ALL MEN BY THESE PRESENTS:

WHEREAS, the undersigned LSF8 Master Participation Trust, is the Beneficiary under that certain Trust Indenture/Deed of Trust made, given and executed by John P Stokes and Pamela J Stokes, which Trust Indenture/Deed of Trust was recorded in the Office of the County Clerk and Recorder of Lake County, Montana, as Deed of Trust dated July 13, 1998 and recorded July 17, 1998 under Document no. 391599.

WHEREAS, it is the desire of the Beneficiary to substitute First American Title Company of Montana, Inc., as Successor Trustee, in the name, place and stead of the originally designated Trustee, Mark E. Noennig. The legal description of the property is, THE NORTH HALF OF THE SOUTHWEST QUARTER OF THE SOUTHEAST QUARTER (N1/2SW1/4SE1/4) OF SECTION 12, TOWNSHIP 26 NORTH, RANGE 19 WEST, P.M.M., LAKE COUNTY, MONTANA. SUBJECT TO AND TOGETHER WITH A 60-FOOT PRIVATE ROAD AND UTILITY EASEMENT WITH A 50-FOOT RADIUS CUL-DE-SAC AS INDICATED ON CERTIFICATE OF SURVEY NUMBER 5068.

THEREFORE, the undersigned Beneficiary in the hereinabove described Trust Indenture/Deed of Trust, does hereby now designate, as the Successor Trustee in and under said Trust Indenture/Deed of Trust First American Title Company of Montana, Inc. with an address of First American Specialty Services, 580 Jensen Grove Drive, Blackfoot, ID 83221.

1



EXHIBIT

tabbies®

4

FURTHER, the undersigned Beneficiary does hereby give, vest and clothe the named Successor Trustee with all the powers, privileges, duties and responsibilities imposed upon the said Trustee by the instrument hereinabove described or by the laws of the State of Montana in such cases made and provided.

Dated: May 22, 2015

LSF8 Master Participation Trust, by
Caliber Home Loans, Inc., solely in its capacity as servicer

By: Alyssa Salyers
   Alyssa Salyers   Authorized Signatory

STATE OF _____ )
               ss:
County of _____ )

see below

On _____, before me the undersigned, a Notary Public in and for said State,
personally appeared _____, known to me to be the
_____ of the Entity who executed the instrument on behalf of said Entity,
and acknowledged to me that said Entity executed the same.

_____
Notary Public – Residing: _____
Commission Expires: _____
Caliber v Stokes 42089.070

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California  County of San Diego  }ss.
On May 22, 2015 before me, Ashlee Lawson
Notary Public, personally appeared Alyssa Sayers
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument. I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.  WITNESS my hand and official seal.



ASHLEE LAWSON
Commission # 1993906
Notary Public - California
San Diego County
My Comm. Expires Oct 13, 2016

2

STATE OF MONTANA, COUNTY OF LAKE
Recorded 03/09/2016 12:34
Microfilm 546965 Paula A. Holle Recorder
Fees $14.00 by JM Deputy

After Recording Return To:
Title Financial Specialty Services
Attention: Foreclosure Department
P.O. Box 339
Blackfoot ID 83221
576259/579113 mrS
**NOTICE OF TRUSTEE'S SALE**

TO BE SOLD FOR CASH AT TRUSTEE'S SALE on July 19, 2016, at 11:00 AM at the North Entrance
to the Lake County Courthouse located 106 4th Avenue East in Polson, MT 59860, the following
described real property situated in Lake County, Montana:

> THE NORTH HALF OF THE SOUTHWEST QUARTER OF THE SOUTHEAST QUARTER
> (N1/2SW1/4SE1/4) OF SECTION 12, TOWNSHIP 26 NORTH, RANGE 19 WEST,
> P.M.M., LAKE COUNTY, MONTANA. SUBJECT TO AND TOGETHER WITH A 60-FOOT
> PRIVATE ROAD AND UTILITY EASEMENT WITH A 50-FOOT RADIUS CUL-DE-SAC AS
> INDICATED ON CERTIFICATE OF SURVEY NUMBER 5068.

John P. Stokes and Pamela J. Stokes, as Grantors, conveyed said real property to Mark E. Noennig, as
Trustee, to secure an obligation owed to WMC Mortgage Corp., as Beneficiary, by Deed of Trust on July
13, 1998, and recorded on July 17, 1998 as Document No. 391599. The beneficial interest is currently
held by LSF8 Master Participation Trust. First American Title Company of Montana, Inc., is the
Successor Trustee pursuant to a Substitution of Trustee recorded in the office of the Clerk and Recorder of
Lake County, Montana.

The beneficiary has declared a default in the terms of said Deed of Trust by failing to make the monthly
payments due in the amount of $1,974.11, beginning May 1, 2009, and each month subsequent, which
monthly installments would have been applied on the principal and interest due on said obligation and
other charges against the property or loan. The total amount due on this obligation as of February 26,
2016 is $195,528.38 principal, interest at the rate of 11.49000% totaling $207,619.12, late charges in the
amount of $5,428.50, escrow advances of $30,508.26, and other fees and expenses advanced of $7.00,
plus accruing interest, late charges, and other costs and fees that may be advanced.

The Beneficiary anticipates and may disburse such amounts as may be required to preserve and protect
the property and for real property taxes that may become due or delinquent, unless such amounts of taxes
are paid by the Grantors. If such amounts are paid by the Beneficiary, the amounts or taxes will be added
to the obligations secured by the Deed of Trust. Other expenses to be charged against the proceeds of this
sale include the Trustee's fees and attorney's fees, costs and expenses of the sale and late charges, if any.

Beneficiary has elected, and has directed the Trustee to sell the above described property to satisfy the
obligation.

**EXHIBIT**

5

The sale is a public sale and any person, including the beneficiary, excepting only the Trustee, may bid at the sale. The bid price must be paid immediately upon the close of bidding in cash or cash equivalents (valid money orders, certified checks or cashier's checks). The conveyance will be made by Trustee's Deed without any representation or warranty, including warranty of Title, express or implied, as the sale is made strictly on an as-is, where-is basis, without limitation, the sale is being made subject to all existing conditions, if any, of lead paint, mold or other environmental or health hazards. The sale purchaser shall be entitled to possession of the property on the 10th day following the sale.

The grantor, successor in interest to the grantor or any other person having an interest in the property, at any time prior to the trustee's sale, may pay to the beneficiary or the successor in interest to the beneficiary the entire amount then due under the deed of trust and the obligation secured thereby (including costs and expenses actually incurred and attorney's fees) other than such portion of the principal as would not then be due had no default occurred and thereby cure the default.

The scheduled Trustee's Sale may be postponed by public proclamation up to 15 days for any reason, and in the event of a bankruptcy filing, the sale may be postponed by the trustee for up to 120 days by public proclamation at least every 30 days.

THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION
OBTAINED WILL BE USED FOR THAT PURPOSE.

Dated: March 9, 2016

Assistant Secretary,
First American Title Company of Montana, Inc.
Successor Trustee
Title Financial Specialty Services
PO Box 339
Blackfoot ID 83221

STATE OF Idaho )
                    ) ss.
County of Bingham )

On this 9 day of March, 2016, before me, a notary public in and for said County and State, personally appeared Kaitlin Ann Gatch, know to me to be the Assistant Secretary of First American Title Company of Montana, Inc., Successor Trustee, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same.

Notary Public
Bingham County, Idaho
Commission expires: 2/18/2020

Caliber vs Stokes 100554-4

STATE OF MONTANA, COUNTY OF LAKE
Recorded 08/19/2016 10:50
Microfilm 549930 Paula A. Holle Recorder
Fees $21.00 by JM Deputy

After Recording Return To:
Title Financial Specialty Services
Attention: Foreclosure Department
P.O. Box 339
Blackfoot ID 83221

*576259/ 579113 mπS*

## TRUSTEE'S DEED

This Deed, made August 18, 2016 from First American Title Company of Montana, Inc.,
Successor Trustee, of 580 Jensen Grove Drive, Blackfoot, ID 83221, to LSF8 Master
Participation Trust , Grantee, with its principal office at SPOC Department, 3701 Regent Blvd,
Irving, TX 75063.

### WITNESSETH:

WHEREAS, John P. Stokes and Pamela J. Stokes executed a Trust Indenture conveying
the real property hereinafter described to Mark E. Noennig to secure an obligation owed to
WMC Mortgage Corp. said Trust Indenture dated on July 13, 1998, and recorded on July 17,
1998 as Document No. 391599.

WHEREAS, LSF8 Master Participation Trust, the current beneficiary, thereafter
appointed and substituted the undersigned as successor trustee by Substitution of Trustee
recorded June 25, 2015, under Document No 542084.

WHEREAS, thereafter the Grantor in said Trust Indenture defaulted in the performance
of the obligation secured thereby by failing to pay the monthly installments beginning May 1,
2009 and each and every month thereafter, and that because of said default, the Trustee and
Beneficiary elected to sell the property thereinafter described to satisfy the obligation; and

WHEREAS, a Notice of Trustee's Sale was filed and recorded in the office of the Clerk
and Recorder of Lake County, Montana, on March 9, 2016, as Document No. 546965 setting
said sale for July 19, 2016 at 11:00 o'clock A.M., at the North Entrance to the Lake County
Courthouse located 106 4th Avenue East in Polson, MT 59860.

SN



EXHIBIT

9

WHEREAS, in accordance with said Notice and after mailing, publication and posting of the Notice, as set forth in the affidavits of mailing, publication and posting recorded in the office of the Clerk and Recorder of Lake County, Montana, Affidavit of Mailing recorded on March 21, 2016 as Document No. 547169, Affidavit of Posting recorded on June 14, 2016 as Document No. 548646, and Affidavit of Publication recorded on June 14, 2016 as Document No. 548647, incorporated herein by reference, the said Trustee did, on August 18, 2016, at 11:00 o'clock A.M., duly sell at public auction in Lake County, Montana, the premises in said Trust Indenture and hereinafter described; and,

WHEREAS, at such sale said premises were fairly sold to the Grantee, being the highest bidder herein for the sum of $449,804.40 and that sum being the highest bid and,

WHEREAS, said sum was paid by the purchaser to the Trustee and was applied by the Trustee to the costs and expenses of exercising the power of sale and the sale, including reasonable attorney's fees, and to the obligations secured by the Trust Indenture, and there was no surplus remaining.

NOW, THEREFORE, in consideration of the premises and the said sums so paid as aforesaid, and in compliance with the statute, said Trustee does hereby deed, and convey to said Grantee, all that real property situated in the County of Lake, State of MT, more particularly described as follows:

THE NORTH HALF OF THE SOUTHWEST QUARTER OF THE SOUTHEAST QUARTER (N1/2SW1/4SE1/4) OF SECTION 12, TOWNSHIP 26 NORTH, RANGE 19 WEST, P.M.M., LAKE COUNTY, MONTANA.
SUBJECT TO AND TOGETHER WITH A 60-FOOT PRIVATE ROAD AND UTILITY EASEMENT WITH A 50-FOOT RADIUS CUL-DE-SAC AS INDICATED ON CERTIFICATE OF SURVEY NUMBER 5068.

The conveyance is made without any representation or warranty, including warranty of Title, express or implied, as the sale is made strictly on an as-is, where-is basis.

IN WITNESS WHEREOF, that said Trustee does hereby set his hand the day and year first above written.

*Rae Albert*

Assistant Secretary,
First American Title Company of Montana, Inc.
Successor Trustee
Title Financial Specialty Services
PO Box 339
Blackfoot ID 83221

STATE OF _Idaho_        )
                        )ss.
County of _Bingham_     )

On _19_, day of _August_, _2016_, before me, a notary public in and for said County and State, personally appeared _RAE ALBERT_, known to me to be the Assistant Secretary of First American Title Company of Montana, Inc., Successor Trustee, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same.

KAITLIN ANN GOTCH
NOTARY
PUBLIC
STATE OF IDAHO

*Kaitlin Ann Gotch*

Notary Public
State of _Idaho_
County of _Bingham_
Commission expires: _07/29/2022_

EXHIBIT # 

13

PAY TO THE ORDER OF
WITHOUT RECOURSE
WMC MORTGAGE CORP.

X

JOSE A. MINA                    ASST. SECRETARY



PAY TO THE ORDER OF
WITHOUT RECOURSE
WMC MORTGAGE CORP.

JOSE A. MINA                    ASST. SECRETARY

PAY TO THE ORDER OF
*
WITHOUT RECOURSE
WMC MORTGAGE CORP.

X _____
JAIME X MINA          ASST SECRETARY

* Household Finance Corporation III

Edward A. Murphy
MURPHY LAW OFFICES, PLLC
127 N. Higgins, Ste. 207
P.O. Box 2639
Missoula, MT 59806
Phone: (406)728-2671
Facsimile: (866)705-2260
Email: rusty@murphylawoffices.net
Bar No. 201108

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF MONTANA

| | |
|---|---|
| IN RE<br><br>PAMELA JEAN STOKES,<br><br>Debtor. | Case No. 14-61170<br>**Notice of Hearing**<br>**Date: April 16, 2015**<br>**Time: 9:00 a.m.**<br>**Place: Russell Smith Courthouse**<br>**Missoula, Montana** |

## OBJECTION TO PROOF OF CLAIM NO. 2 FILED BY
## LSF8 MASTER PARTICIPATION TRUST

Comes now the Debtor and objects to the Proof of Claim filed by LSF8 Master Participation Trust on the grounds that the Debtor is aware that at least two different versions of the promissory note are in existence and the Debtor is unable to determine whether the alleged creditor in fact holds the real note. In further support of this objection, the Debtor respectfully shows as follows:

1. The alleged creditor filed a proof of claim with a copy of an alleged promissory note attached, a copy thereof is attached to this objection as Exhibit "A." The Court's attention is directed to page 3 of the exhibit which contains a blank endorsement made by WMC Mortgage Company, the original payee of the note.

2. The makers of the note were the Debtor and her husband John P. Stokes. John Stokes was a debtor in a bankruptcy filed in this district on March 4, 2009, originally as a chapter 11 but subsequently converted to chapter 7. Case No. 09-60265.

3. In that case HSBC filed Proof of Claim No. 1 with a copy of the same alleged note attached, albeit page 3 was upside down. A copy of the pages from that proof of claim are attached hereto as Exhibit "B."

4. On November 14, 2012, in the John Stokes case, Household Financial Corporation II filed a motion to modify the stay, docket 451, and attached a copy of an alleged note, allegedly evidencing the same indebtedness, but with a different endorsement in that the endorsement was not in blank and instead was endorsed to Household Finance Corp III, not II. Copy attached as Exhibit "C." Not only is the endorsement not in blank, but it appears that at least two attempts were made to enter the name of the new payee.

5. John Stokes filed an objection to the motion to modify stay, docket 459, noting the difference in the endorsement. A copy is attached as Exhibit "D."

6. On December 21, 2012, Household Finance Corp. II withdrew its motion to modify stay, docket 470. A copy is attached as Exhibit "E."

7. On February 4, 2011, the Trustee in the John Stokes bankruptcy filed an adversary proceeding, 11-00009 against John Stokes, the rest of his family and HSBC. Paragraphs 13 through 17 of the Complaint concerned the HSBC proof of claim and specifically the endorsement of the alleged note as it appears in Proof of Claim no. 1. The complaint asserted that since the note was endorsed in blank, HSBC had to prove that it was the holder of the original note and that it had not done so.

8. Based on the foregoing facts there is an issue as to who has the actual note, and therefore who has the legal ability to enforce it. In light of the history of this note as appears from the record of this Court it is impossible to say that the creditor in this case has the actual original note and until such time as it is produced Proof of Claim no. 2 should be disallowed.

Dated this 4th day of February, 2015.

MURPHY LAW OFFICES, PLLC

/S/Edward A. Murphy

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on the 4th day of February, 2015, I served a true copy of the foregoing Objection to Proof of Claim No. 2 on the persons and in the manner identified below:

Erika Peterman
Via ECF

Robert Drummond
Via ECF

LSF8 Master Participation Trust
Caliber Home Loans, Inc.
13801 Wireless Way
Oklahoma City, OK 73124

/s/Edward A. Murphy

# NOTE

JULY 13, 1998          POLSON                    MONTANA
[Date]                 [City]                    [State]

820 RED OWL ROAD
BIGFORK, MT 59911
[Property Address]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ 199,500.00          (this amount is called "principal"), plus interest, to the order of the Lender. The Lender is

NMC MORTGAGE CORP.

. I understand
that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of principal has been paid. I will pay interest at a yearly rate of          11.4900 %.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

## 3. PAYMENTS

### (A) Time and Place of Payments

I will pay principal and interest by making payments every month.

I will make my monthly payments on the          1ST          day of each month beginning on          SEPTEMBER
1998          . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. My monthly payments will be applied to interest before principal. If, on
AUGUST 1, 2028          , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at          P.O. BOX 92189
LOS ANGELES, CA 90009-2189          or at a different place if required by the Note Holder.

### (B) Amount of Monthly Payments

My monthly payment will be in the amount of U.S. $          1,974.11

## 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in writing that I am doing so.

I may make a full prepayment or partial prepayments without paying any prepayment charge. The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

## 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (i) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (ii) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the principal I owe under this Note or by making a direct payment to me. If a refund reduces principal, the reduction will be treated as a partial prepayment.

## 6. BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of          15          calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be          5.0000          % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

### (B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

MULTISTATE FIXED RATE NOTE - Single Family - FNMA/FHLMC Uniform Instrument
-6R (9109).04          Form 8200 12/83
Amended 5/91
VMP MORTGAGE FORMS - (800)521-7291          MFCD9768 (09/97)
Page 1 of 2

Exhibit A in 14-61170

# Exhibit A

**(C) Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is delivered or mailed to me.

**(D) No Waiver by Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**7. GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**8. OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**9. WAIVERS**

I and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**10. UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

Transfer of the Property or a Beneficial Interest in Borrower. If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person), without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)     _____ (Seal)
JOHN P. STOKES          -Borrower   PAMELA J. STOKES          -Borrower
SSN:                                 SSN:

_____ (Seal)     _____ (Seal)
                        -Borrower                             -Borrower
SSN:                                 SSN:

*[Sign Original Only]*

-6R (9105104)

Form 3200 12/83

# NOTE

JULY 13, 1998          POLSON          MONTANA
[Date]                 [City]          [State]

820 RED OWL ROAD
BIGFORK, MT 59911
[Property Address]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ 199,500.00 (this amount is called "principal"), plus interest, to the order of the Lender. The Lender is

WMC MORTGAGE CORP.

. I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of principal has been paid. I will pay interest at a yearly rate of 11.4900 %.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

## 3. PAYMENTS

### (A) Time and Place of Payments

I will pay principal and interest by making payments every month.

I will make my monthly payments on the 1ST day of each month beginning on SEPTEMBER 1998 . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. My monthly payments will be applied to interest before principal. If, on AUGUST 1, 2028 , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at          P.O. BOX 92189

LOS ANGELES, CA 90009-2189          or at a different place if required by the Note Holder.

### (B) Amount of Monthly Payments

My monthly payment will be in the amount of U.S. $ 1,974.11

## 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in writing that I am doing so.

I may make a full prepayment or partial prepayments without paying any prepayment charge. The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

## 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (i) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (ii) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the principal I owe under this Note or by making a direct payment to me. If a refund reduces principal, the reduction will be treated as a partial prepayment.

## 6. BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of 15 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 5.0000 % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

### (B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

MULTISTATE FIXED RATE NOTE - Single Family - FNMA/FHLMC Uniform Instrument

-5R (9105).04          Form 3200 12/83
                       Amended 5/91
VMP MORTGAGE FORMS - (800)521-7291          MFCD9763 (09/97)
Page 1 of 2

22 .P          NO.211          MEPREHSER EQUITY SRV 818-5522564          MA85:9          8991.31.JUL

**(C) Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is delivered or mailed to me.

**(D) No Waiver by Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**7. GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**8. OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**9. WAIVERS**

I and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**10. UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

Transfer of the Property or a Beneficial Interest in Borrower. If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person), without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)
JOHN P. STOKES — Borrower

_____ (Seal)
PAMELA J. STOKES — Borrower

_____ (Seal)
— Borrower

_____ (Seal)
— Borrower

SSN:

SSN:

*[Sign Original Only]*

MFCD9768 (05/97)
Page 2 of 2

Form 3200 12/83

# NOTE

JULY 13, 1998                    POLSON                    MONTANA
[Date]                           [City]                    [State]

820 RED OWL ROAD
BIGFORK, MT 59911
[Property Address]

**1. BORROWER'S PROMISE TO PAY**

In return for a loan that I have received, I promise to pay U.S. $ 199,500.00          (this amount is called
"principal"), plus interest, to the order of the Lender. The Lender is
HMC MORTGAGE CORP .

. I understand
that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive
payments under this Note is called the "Note Holder."

**2. INTEREST**

Interest will be charged on unpaid principal until the full amount of principal has been paid. I will pay interest at a yearly
rate of          .11.4900  %.
The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B)
of this Note.

**3. PAYMENTS**

(A) Time and Place of Payments
I will pay principal and interest by making payments every month.
I will make my monthly payments on the     1ST     day of each month beginning on    SEPTEMBER
1998   . I will make these payments every month until I have paid all of the principal and interest and any other charges
described below that I may owe under this Note. My monthly payments will be applied to interest before principal. If, on
AUGUST 1, 2028          , I still owe amounts under this Note, I will pay those amounts in full on that date,
which is called the "Maturity Date."
I will make my monthly payments at     P.O. BOX 92182
LOS ANGELES, CA 90009-2189          or at a different place if required by the Note Holder.
(B) Amount of Monthly Payments
My monthly payment will be in the amount of U.S. $   1,974.11

**4. BORROWER'S RIGHT TO PREPAY**

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a
"prepayment." When I make a prepayment, I will tell the Note Holder in writing that I am doing so.
I may make a full prepayment or partial prepayments without paying any prepayment charge. The Note Holder will use all
of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be
no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

**5. LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or
other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then (i) any such loan
charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (ii) any sums already collected
from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by
reducing the principal I owe under this Note or by making a direct payment to me. If a refund reduces principal, the reduction
will be treated as a partial prepayment.

**6. BORROWER'S FAILURE TO PAY AS REQUIRED**

(A) Late Charge for Overdue Payments
If the Note Holder has not received the full amount of any monthly payment by the end of     15     calendar days after
the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be     5.0000     % of
my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.
(B) Default
If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

MULTISTATE FIXED RATE NOTE - Single Family - FNMA/FHLMC Uniform Instrument
-5N (9109).07                    Form 3200 12/83
                                 Amended 5/91
VMP MORTGAGE FORMS (800)521-7291
Page 1 of 2                    Initials    MFCD9768 (03/97)

**(C) Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is delivered or mailed to me.

**(D) No Waiver by Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**7. GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**8. OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**9. WAIVERS**

I and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**10. UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

Transfer of the Property or a Beneficial Interest in Borrower. If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person), without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)          _____ (Seal)
JOHN R STOKES                   -Borrower         PAMELA J STOKES                 -Borrower

_____ (Seal)          _____ (Seal)
                                -Borrower                                         -Borrower

SSN:                                              SSN:

[Sign Original Only]

-8R (9109).04          MFCD9105(03/97)                              Form 3200 12/83
                       Page 2 of 2

Edward A. Murphy
MURPHY LAW OFFICES, PLLC
P.O. Box 2639
Missoula, MT 59806
Phone: (406)728-2671
Fax: (866)705-2260
Email: rusty@murphylawoffices.net
Attorney No. 1108
Attorney for Debtor

## UNITED STATES BANKRUPTCY COURT

### DISTRICT OF MONTANA

| | |
|---|---|
| In re:<br><br>JOHN PATRICK STOKES,<br><br>Debtor. | Case No. 09-60265<br>**Notice of Hearing**<br>**Date: December 6, 2012**<br>**Time: 10:00 a.m.**<br>**Place: Russell Smith Courthouse**<br>**Missoula, Montana** |

### OBJECTION TO MOTION TO MODIFY STAY

Comes now the Debtor and objects to the motion to modify stay filed by Household

Finance Corp. II. There appears to have been an alteration in the endorsement on the note, and

there are other filings in this case that are inconsistent with the contention that the holder of the

note is Household Finance Corp. II. The endorsement on page 18 of the motion is different from

the endorsement of the same note which is attached to proof of claim no. 1, page 14. In the proof

of claim there is no indication of who it was endorsed to, but the proof of claim was filed by

HSBC Mortgage Services, so evidently it was claiming ownership of the note. The motion is

filed by Household Finance II and the endorsement has been changed, although what was added

was Household Finance Corp. III, not II. There is no evidence of an assignment from HSBC

Mortgage Services, which after all signed the proof of claim under penalty of presenting a false

claim, and Household Finance III or II or whatever.

Exhibit D in 14-61170

On the basis of the record in this case the Court should deny the motion to modify stay.

Further, if there is any chance of negotiating a modification, it would be nice to know who

actually owns the note.

Dated this 3rd day of December, 2012.

MURPHY LAW OFFICES, PLLC

/s/Edward A. Murphy

### CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on the 3rd day of December, 2012, I served a true copy of the foregoing Objection to Motion to Modify Stay in the manner indicated on the following persons:

Jason Henderson
via ECF

/s/Edward A. Murphy

Jason J. Henderson
MACKOFF, KELLOGG LAW FIRM
38 2nd Ave East
Dickinson, North Dakota 58601
Telephone: (701) 227-1841
Facsimile: (701) 227-4739
Attorney for Household Financial Corporation II
Jhenderson@Mackoff.com
MT Bar No. 11414

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MONTANA

In the matter of:                     )
                                      )       Bankruptcy Case No. 09-60265
JOHN PATRICK STOKES                   )
FDBA SKYLINE BROADCASTERS INC         )
FDBA Z-600 INC                        )
       Debtor.                        )
                                      )

* * * * * * * * * * * *

### WITHDRAWAL OF MOTION TO MODIFY STAY

Household Financial Corporation II by and through its undersigned attorney, hereby withdraws its Motion to Modify Stay dated November 14, 2012 and served on that date.

Dated December 21, 2012.

MACKOFF, KELLOGG LAW FIRM
38 2nd Ave East
Dickinson, ND 58601

/s/ Jason J. Henderson
Jason J. Henderson
Attorney for Household Financial
Corporation II

1

Exhibit E in 14-61170

## CERTIFICATE OF SERVICE

I hereby certify, under penalty of perjury, that a copy of the foregoing WITHDRAWAL OF MOTION TO MODIFY STAY, AND NOTICE was served upon the following by mailing a true and correct copy thereof on December 21, 2012, postage prepaid and addressed as follows:

THE UNITED STATES TRUSTEE
ECF EMAIL

MONTANA DEPARTMENT OF
REVENUE
OFFICE OF LEGAL AFFAIRS
MITCHELL BUILDING
HELENA, MT 59620

BOB BARR
ATTORNEY AT LAW
ECF EMAIL

RICHARD J. SAMSON
BANKRUPTCY TRUSTEE
ECF EMAIL

EDWARD A. MURPHY
ATTORNEY AT LAW
ECF EMAIL

JOHN PATRICK STOKES
12887 RAVEN WAY
BIGFORK, MT 59911

JOHN C SCHULTE
ATTORNEY AT LAW
ECF EMAIL

/s/ Jason J. Henderson
Jason J. Henderson

2

PAY TO THE ORDER OF
WITHOUT RECOURSE
WMC MORTGAGE CORP.
X
JOSE A. MINA              ASST. SECRETARY