

FILED
JAN 31 2019
Clerk, U.S Courts
District Of Montana
Missoula Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| LSF8 MASTER PARTICIPATION TRUST, | CV 19–11–M–DWM |
| Plaintiff/Counter-Defendant, | ORDER |
| vs. | |
| JOHN P. STOKES, PAMELA STOKES, and ANY PERSON IN POSSESSION, | |
| Defendants/Counter-Claimants. | |

On January 14, 2019, Defendants John P. Stokes and Pamela Stokes (collectively "the Stokes") improvidently removed this action from Lake County District Court, invoking this Court's federal question jurisdiction. (Doc. 1.) For the reasons discussed below, this matter is remanded back to the state court for lack of subject matter jurisdiction. *See* 28 U.S.C. §§ 1441, 1447.

1

Since federal courts are courts of limited jurisdiction, the basis for subject matter jurisdiction must be affirmatively established by the party asserting jurisdiction. *Cal. ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004). Courts strictly construe 28 U.S.C. § 1441 against removal and resolve any doubts about the propriety of removal in favor of remanding the case to state court. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006). A court must remand "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction[.]" 28 U.S.C. § 1447(c); *Smith v. Mylan Inc.*, 761 F.3d 1042, 1044 (9th Cir. 2014) (explaining a court can remand for lack of subject jurisdiction *sua sponte*).

Here, the Stokes assert federal question jurisdiction exists on the grounds that this action arises under:

> 18 U.S.C. § 1964 Civil Rico
> 18 U.S.C. 152(4)
> Fraudulent Mortgage Assignment and Fraud Upon the Court
> Violation of 18 USC 362 (a) Violation of Automatic Stay
> 11 USC 362 (h) (k) Removing Assets from the estate without leave of the Bankruptcy Court
> The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.
> Bankruptcy Fraud
> Felony Perjury in Federal Court Proceedings
> Wrongful and Fraudulent Foreclosure
> Attorney Deceit Upon the Court

(Doc. 1 at 2–3.) The Notice of Removal further states that the "Cross Defendants" (third parties not included in original complaint) "are residents of Texas, North

Dakota, and Ireland" and the amount in controversy is in excess of $14,964,000.00. (*Id.* at 3.)

The State Court Complaint, however, is based on the Small Tract Financing Act under Title 71 of the Montana Code Annotated. (*See* Doc. 3.) The federal issues identified in the Notice of Removal arise only out of the Stokes' counter-claims, defenses, and claims against third-party defendants. Removability cannot be created by [a] defendant pleading a counter-claim presenting a federal question." *Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1985) (collecting cases). Nor is a defense based on federal law sufficient to give rise to subject matter jurisdiction. *Cal. ex rel. Lockyer*, 375 F.3d at 838. A case "arises under" federal law only if the federal question appears on the face of the plaintiff's well-pleaded complaint. *Vaden v. Discover Bank*, 556 U.S. 49, 61–62 (2009); *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9–12 (1983). Plaintiff LSF8 Master Participation Trust does not allege a federal question on the face of its complaint. As a result, removal on the basis of federal question jurisdiction was improper. Because diversity jurisdiction was alleged only in relation to the third parties listed in the Stokes' answer, it does not provide an alternative basis for removal here. There is no indication Plaintiff LSF8 Master Participation Trust and the Stokes are diverse or the amount in controversy meets the jurisdictional threshold based on the face of the complaint.

Accordingly, IT IS ORDERED that this action is REMANDED back to the Montana Twentieth Judicial District Court, Lake County. The Clerk is directed to transfer the file to the state court and close the case.

DATED this 31st day of January, 2019.

Donald W. Molloy, District Judge
United States District Court